## SORRELLS vs. SORRELLS.

Whatever parol agreement may exist between the grantor and grantee of real estate, in regard to a trust existing in parol, it is wholly nugatory, as to any purchaserhfrom the grantee in the absolute deed, who relies on the statute of frauds in his defence.

If a defendant, by his answer, admits the parol agreement, and relies on the statute of frauds, he is fully entitled to the benefit of it. If he denies the agreement, he need not insist on the statute. The plaintiff, in such case, must produce legal evidence of it.

An innocent purchaser, for a valuable consideration, without notice of a secret trust, will always be protected against it.

In Chancery, heard in Crawford Circuit Court, in February, 1842, before the Hon. RICHARD C. S. BROWN, one of the Circuit Judges. *Matilda Sorrell,* widow, and *John Sorrell,* sole heir of *John Sorrell,* deceased, filed their bill, stating, in substance, that John Sorrell and

Sorrell *vs.* Sorrell.

James, his brother, a defendant, purchased, in 1836, of *John McPhaill,* a defendant, the N. W. quarter of Section 2, in Township 9 N. 31 W., which was entered by McPhaill, and a patent certificate issued to him. That McPhaill had never conveyed the land to any of the parties to the bill. That John and James Sorrell, in the same year, purchased of McPhaill his improvement and pre-emption right on the S. W. quarter of Section 35, 10 N. 31 W. That the purchase money of the first tract, *or a part of it,* was paid into the Land-office at Fayetteville, by John Sorrell, and McPhaill promised to make him a fee simple title to the same. That John Sorrell paid McPhaill the purchase money, *or a part of it,* for the improvement on the latter tract, as was evidenced by an instrument of writing exhibited, dated April 16th, 1836, by which McPhaill relinquished to John Sorrell all his right and title to a field, known as *McPhaill's upland field,* in Sec. 35, T. 10, R. 31 W. That the latter tract was afterwards entered in the name of James Sorrell, to whom a patent certificate issued. That it was afterwards agreed between John and James Sorrell, that John Sorrell should reside on, and be the owner of, the former tract, and James of the latter, and each took possession accordingly.

That on the 11th day of June, 1838, John Sorrell being about to leave the State, and desiring to leave the former tract in such condi- tion that it could be either sold or mortgaged to the Real Estate Bank, he executed an absolute deed of the former tract to his bro- ther James, in which his wife Matilda joined; which deed was made upon the verbal agreement, that James should hold the land as trustee to mortgage or sell, and for no pecuniary consideration, although one is expressed in it. That James was to act as attorney and trustee, and reconvey when required. That soon after executing this deed, John departed from Crawford county, but died before leaving the State, and his widow returned, and has ever since resided on the former tract of land. That in March, 1840, against her will, James sold that tract to one Hutchinson, a defendant, Hutchinson knowing all the facts; and that Hutchinion threatens to eject her; praying discovery, injunction, a cancellation of the deeds, and title from McPhaill. The deed from John and wife to James, was duly wit- nessed, acknowledged, and recorded.

38

McPhaill answered, that he sold his pre-emption right on the first tract to John and James jointly; proved it up, and had it allowed, and transferred it in the land-office to, as he supposed, John and James jointly, but, as he is informed, to John alone. That, as he is informed, a patent issued for it direct to John; and if not, he relinquishes. That he never sold any interest in the latter tract, but merely relinquished any right he might have, and is no way bound to make title; and that he knows nothing of the other matters in the bill.

James Sorrell answered, that he originally purchased McPhaill's pre-emption on the first tract, and gave John an equal interest in it; that it was entered with funds belonging equally to each of them, and that it was wrongfully entered in John's name alone. That the pre-emption right to the latter tract was not purchased by them jointly, but by himself alone, and entered by him alone, and with his own money, and a patent issued to him alone. That there was no such agreement as to each owning a particular tract. That the deed from John and wife was executed for the purpose of giving him unlimited control over the land, to sell or mortgage, as he might think best. That there was no pecuniary consideration. That he never agreed to re-convey the land. That, in pursuance of the power vested in him, he sold the land to Hutchinson, for $1000, and as half the tract belonged to himself, he is ready to account to the estate of John for one-half of the proceeds, as the Court shall direct.

Hutchinson answered, that he knew nothing of the facts stated in the bill, even from rumor. That he purchased without any notice whatever of any opposing claim, upon inspection of the title papers, which were perfect; and contracted to pay for both tracts $1500, on payment of which, title was to be made. That he furnished James with $200, to enter the last tract, and has paid him $600 of the consideration money, and is ready to pay the residue; and he insisted, as an innocent purchaser, on the protection of the statute of frauds.

A general replication was filed to each answer. The cause came on for hearing, on bill, answers, replications, and exhibits, no testimony being taken on either side, and the Court decreed, that as the deed from John and wife to James, was executed without any good and

valuable consideration, and only in trust, and the answer of James, so far as he alleged title in himself to one-half of the first tract, was unsupported by evidence; and as Hutchinson's answer, alleging his purchase and payment, was also unsupported by evidence, *therefore*, that the deed to James Sorrell should be brought in and cancelled; that McPhaill should convey to the complainants his title to the first tract; that complainants should be quieted in their possession, and James Sorrell and Hutchinson be enjoined from troubling the possession; and that James Sorrell should pay all the costs. Whereupon, he appealed.

*Pike & Baldwin*, for the appellant. Whatever parol agreement may have existed between John and James Sorrell, it is utterly nuga tory as against Hutchinson, who relies, in his answer, upon the statute of frauds. If a defendant, by his answer, admits the parol agreement, and relies on the statute, he is fully entitled to it. It is not necessary to set it up in a plea. *Story's Eq. Pl.* 589, 590. *Whitchurch vs. Bevis*, 2 *Bro. C. R.* 559. *Reeve vs. Teed*, 15 *Ves.* 375.

If a defendant denies the agreement, he need not insist on the statute. The complainant must, in such cases, produce legal evidence of it, which cannot be done by parol. *Corine vs. Graham*, 2 *Paige*, 181. - *Ontario Bank vs. Root*, 3 *Paige*, 481.

It was a good defence for Hutchinson, that he was an innocent purchaser, for valuable consideration. The bill admits that he *had* purchased, but alleges notice, which his answer expressly denies, and throws the proof, as to notice, on the complainant. An innocent purchaser is always protected. *Story Eq. Pl.* 462, 463, 464. 1 *Story Eq.* 75. *Whittick vs. Kane*, 1 *Paige*, 202. *Hughson vs. Mandeville*, 4 *Desau.* 87. *Garland vs. Rives*, 4 *Rand.* 282. *Bensier vs. Lenoir*, 4 *Car. Law Rep.* 508. *Owings vs. Jouitt*, 2 *A. K. Marsh*, 381.

Hutchinson offered his defence properly by answer. He could have done it by plea, but as he was ready to answer *fully*, he did so, as he rightfully could. *Story Eq. Pl.* 653. He could not set up this defence in his answer, without answering fully, but that he was ready to do, and choosing to answer fully, was entitled so to make his defence. *Story Eq. Pl.* 649. *Jerrard vs. Saunders*, 2 *Ves. jr.* 454, 458.

In no case need the statute be pleaded. It is always sufficient for the defendant to rely on it in his answer. *Rowton vs. Rowton*, 1 *Hen. & Mun.* 92.

General replication having been put in, and the case being heard without evidence, all the allegations in the answers responsive to the bill, were to be taken strictly as true. *Mortimer vs. Orchard*, 2 *Ves. jr.* 243. *Cook vs. Clayworth*, 18 *Ves.* 12. *Savage vs. Brocksopp*, 18 *Ves.* 335. *Hagthorp vs. Hook's adm'rs*, 1 *Gill, & J.* 270. *Roberts vs. Salisbury*, 3 *id.* 425. *Moffatt vs. McDowall*, 1 *McCord*, 434. *Hopkins vs. Stump*, 2 *Har. & J.* 301. *Maupin vs. Whiting*, 1 *Call*, 224. *Blanton vs. Brackett*, 5 *Call*, 232. *McCan vs. Blewit*, 2 *McCord, Ch.* 102. *Leeds v. Mar. Ins. Co.* 2 *Wheat.* 380. *Stafford vs. Bryan*, 1 *Paige*, 239. *S. C.* 3 *Wend.* 532. *Searcy vs. Pannell, Cook*, 110. *Hart vs. Ten Eyck*, 2 *J. C. R.* 92. *Green vs. Vaughn*, 2 *Blackf.* 324. *Neilson vs. Dickenson*, 1 *Desaus.* 134. *Clark vs. Van Reinsdyk*, 9 *Cranch*, 153. *Estep vs. Watkins*, 1 *Bland*, 488. *Clason vs. Morris*, 10 *J. R.* 525. *Knickerbocker vs. Harris*, 1 *Paige*, 209. *Higbie vs. Hopkins*, 1 *Wash. C. C. R.* 230.

Where a discovery is asked of defendant, as to a particular fact, his answer is conclusive. *Lemon vs. Cherry*, 1 *Bibb*, 253. *Pollard vs. Lyman*, 1 *Day*, 156. *Ragsdale vs. Buford*, 3 *Hayw.* 192.

An answer to a bill charging fraud, responsive to the bill, denying the charge, and uncontradicted by evidence, refutes the idea of fraud. *Murray vs. Blatchford*, 1 *Wend.* 583. *Cunningham vs. Freeborn*, 3 *Paige*, 557.

James Sorrell admits, what is, in fact, stated broadly in the bill, that the land was conveyed to him to sell or mortgage, and absolutely denies that he was to re-convey. Hutchinson denies all knowledge of the parol agreement, even by rumor.

The bill itself states, that John and James purchased *jointly* of McPhaill, the N. W. quarter, and the answer of James admits it, but denies that the whole purchase money was paid by John, and denies that there was any parol partition.

There certainly could be no decree, without evidence against these answers.

What right had the widow to a conveyance to herself and child?

Sorrell *vs.* Sorrell.

It was erroneous, in any event, to adjudge all the costs against James Sorrell.

*Paschal,* contra. The defendant admits that the deed was executed without any valuable consideration, and acknowledges that no part of the sum of six hundred dollars, acknowledged to have been paid, was ever, in fact, paid, or promised to be paid, to his brother. We contend that the deed is, therefore, void. 2 *Black. Com.* 295. 4 *Kent's Com.* 464. James Sorrell does not pretend that the deed was for a valuable consideration, but for a part consideration, which he does not attempt to prove.

The deed was the creation of a trust, to be executed by James Sorrell, for the use of the *cestui que trust,* John Sorrell. It becomes, then, a power coupled with an interest, and such an one as cannot be executed after the death of John Sorrell. See the authorities referred to, and argument, in the case of *Gibson et al. vs. Rector.*

If the complainants have a right to have the deed cancelled, any sale by James Sorrell would be void; but, so far as the record and pleadings show, no sale was, in fact, ever made: none is set forth or attempted to be proven. The presumption is always taken most strongly against those pleading title. It is therefore to be presumed, that no written sale was ever made, or the parties would have offered evidence to support it.

*By the Court,* DICKINSON, J. The decree in this case is evidently erroneous. Whatever parol agreement may have, existed between James and John Sorrell, in regard to the trust, is wholly nugatory as to Hutchinson, who sets up the statute of frauds in his defence. If the defendant, by his answer, admits a parol agreement, and relies upon the statute, he is fully entitled to the benefit of it. *Story's Eq. Pl.* 590. *Reeve vs. Teed,* 15 *Ves.* 375. If a defendant denies an agreement, he need not insist upon the statute. The complainant, in such case, must produce legal evidence of it. *Corine vs. Graham,* 2 *Paige,* 180. *Ontario Bank vs. Root,* 3 *Paige,* 481.

It was a good defence for Hutchinson, that he was an innocent purchaser, for a valuable consideration, without notice. The bill

, charges, that he purchased with notice, which the answer expressly contradicts. An innocent purchaser is always protected. *Story's Eq. Pl.* 462. 1 *Story's Eq.* 75. *Whittick vs. Kane,* 1 *Paige,* 202. *Garland vs. Rives,* 4 *Rand.* 283. It is clear that the decree was, therefore, erroneous as to Hutchinson.

The answer of James Sorrell admits the statement in the bill, but denies that he was to re-convey. It also admits the trust as charged, and states that he is ready to account to John's estate for one-half of the amount of the money for which he sold the land; and such should have been the decree. Hutchinson's being an innocent purchaser does not discharge James from his liability for the one-half of the amount of the sale to Hutchinson, which he admits to be in his hands.

Decree reversed, and case remanded.