## PAVEY vs. THE AMERICAN INSURANCE COMPANY.

*November 8 — November 21, 1882.*

INSURANCE AGAINST FIRE. *(1) Application construed.*
TRUSTS. *(2) How express trusts declared.*
PRACTICE: EVIDENCE. *(3, 4) Excessive damages: remission.*

1. In a written application for a policy of insurance, were the following questions and answers: "Q. What title has the occupant to these premises? A. Warranty deed. Q. No. of acres? A. 160." By the terms of the policy the answers were made warranties. The applicant had, in fact, warranty deeds of the whole 160 acres, but 120 acres thereof had been deeded to him without consideration, merely for the purpose of enabling him to sell and convey the same for the owner. The deed was absolute on its face and there was no writing executed by the grantee declaring the trust. *Held,* that the answers were responsive, sufficient and true. If the insurer desired to know whether there were any outstanding equities upon the premises, he should have interrogated the applicant further in respect thereto.

2. The express trust recognized by sec. 2090, R. S., though not contained or declared in the conveyance to the trustees, must be created or declared by some instrument in writing executed as the statute requires; and *it seems* that parol evidence is inadmissible

to show that a conveyance, absolute on its face, was in fact executed upon an express trust for the benefit of the grantor. *Rasdall's Adm'r v. Rasdall*, 9 Wis., 379.

3. The evidence in this case (for which see the opinion) is *held* not to warrant the recovery of so large an amount as was awarded by the verdict.

4. In the exercise of a sound discretion, this court may, in cases of excessive damages, allow the excess to be remitted and judgment to be taken for the true amount, but this should be done, in a case determined by a jury, only where the true amount is very clearly proved.

APPEAL from the Circuit Court for *Sauk* County.

The action is upon a policy of insurance made by the defendant company to the plaintiff, insuring him in the following sums and on the following described property against loss or damage by fire: On his dwelling house, $500; on household furniture, including beds and bedding therein, $100; on provisions therein, $50; and on wearing apparel therein, $100. The policy covered other property, but no claim is made in respect thereto, and the same need not be specified. The insured dwelling-house was totally destroyed by fire during the life of the policy, and it is alleged in the complaint that there was burned therein at the same time all of the property above enumerated, and that the plaintiff's damage or loss by the fire is over $760. The answer denies the liability of the defendant for the loss, upon the ground and for the reasons therein stated. No question is made on the pleadings. The cause was tried, and resulted in a verdict for the plaintiff for $737. The court denied a motion for a new trial, and judgment for the plaintiff was entered pursuant to the verdict. The defendant appeals from the judgment. A further and sufficient statement of the case will be found in the opinion.

For the appellant there was a brief by *J. W. Lusk*, and oral argument by *Mr. Lusk* and *W. F. Vilas*.

*G. Stevens*, for the respondent.

LYON, J.   1. The policy was issued upon a written application of the plaintiff therefor, in the form of questions propounded by the company, and the answers of the plaintiff thereto.   Among these, after a statement of the description of the premises on which stood the dwelling-house of the plaintiff included in the policy, are the following: " *Q.* What title has the applicant to these premises?  *A.* Warranty deed. *Q.* No. of acres?  *A.* 160."  These answers were made warranties by the express terms of the contract of insurance.

It appears by the undisputed evidence that the plaintiff held warranty deeds. of the whole 160 acres, but that 120 acres of the land was deeded to him by the owner, without consideration, merely for the purpose of enabling the plaintiff to sell and convey the same for the owner.   The deed was absolute on its face, and there was no writing executed by the plaintiff declaring the alleged trust.   The learned counsel for the defendant maintains that by his answers to the above questions the plaintiff declared, in substance and effect, that he was the absolute owner of the whole 160 acres, and that the existence of the alleged trust in respect to the 120 acres is a breach of that warranty and destroys the policy. The learned circuit judge ruled that such a parol trust is not authorized by the statute of uses and trusts, is void under the statute of frauds, and cannot be enforced, and hence that the plaintiff was the absolute owner in fee of the land thus conveyed to him.   There is no claim of any defect in his title to the remaining forty acres, upon which his dwelling-house stood.

Considering the decision of this court in *Rasdall's Adm'r v. Rasdall,* 9 Wis., 379, in which it was held that, in the absence of fraud or mistake, parol evidence cannot be received to prove that a deed absolute on its face was given in trust for the benefit of the grantor; considering, also, the provisions of the statute of frauds (R. S., 654, sec. 2302) to the effect that no trust or power over or concerning lands, or in any

manner relating thereto, shall be created, granted, assigned, surrendered, or declared unless by act or operation of law, or by deed or conveyance in writing, etc.; and considering, further, that resulting trusts are abolished by statute (R. S., 618, sec. 2077), as well as all other uses and trusts not authorized by statute (sec. 2071), and that a parol trust like that here asserted is not so authorized,— we think it would be difficult to demonstrate that the judge ruled incorrectly. Counsel claim that this alleged trust is authorized by sec. 2090. That section recognizes the existence of an express trust, which is not contained or declared in the conveyance to the trustees, but it comes far short of providing that a man may convey his land by a deed absolute on its face, and then be heard to allege a parol agreement that the grantee should hold the land in trust for him. Obviously the express trust recognized in sec. 2090 is one created or declared by some instrument in writing executed as the statute requires. Counsel also claim that the conveyance of the eighty acres to plaintiff is like a conveyance absolute on its face, but which is given only as security or indemnity. Parol evidence is admissible to show that such a conveyance is a mortgage, and it is said that the same rule should apply here.

In the *Rasdall Case*, the late Mr. Justice PAINE said that he saw no distinction between the two cases, in principle, and he thought if parol evidence were admitted to show that a conveyance absolute on its face was but a mortgage, the same kind of evidence should be received to prove that a conveyance in like form was in fact executed upon an express trust for the benefit of the grantor. Afterwards, however, the court held, in *Plato v. Roe*, 14 Wis., 453 (the same learned justice writing the opinion), that parol evidence is admissible to prove that a deed absolute in form was given as security or indemnity, and is, therefore, a mortgage. The judgment is placed entirely upon the ground that the rule, or exception rather, had become too firmly es-

tablished and too generally recognized to be disturbed by judicial decision. But the rule in *Rasdall's Case*, as applied to alleged parol trusts, has not been shaken in this state.

We do not find it necessary to pass definitely upon the question above considered, because we think the answer in the application to the interrogatory concerning title, is responsive to the question, and a sufficient answer thereto. The plaintiff stated that his title to the premises was a warranty deed, and his statement was true. At the very least he had a legal title, evidenced by such a deed. If the defendant company desired to know whether there were any outstanding equities upon the premises, it should have interrogated. the plaintiff further in respect thereto. The rule that the construction which will save the contract from forfeiture should be adopted if the language of the contract admits of it, requires us to hold that the plaintiff's answer, that he had a warranty deed of the premises, informed the insurance company that he held the legal title, evidenced by a deed of warranty executed to him, and that the question did not require him further to disclose his title.

2. It is claimed that the jury assessed the plaintiff's damages at a sum greater than was warranted by the evidence. Deducting from the verdict the interest which the court substantially instructed the jury to allow, it is perfectly obvious that the plaintiff has recovered $500 for his dwelling-house, and $215 for the loss of the personal property burned in it. He was insured on clothing, $100; on furniture, beds, and bedding, $100; and on provisions, $50.

The testimony tends to show that the plaintiff lost by the fire, clothing of the value of $100, and it proves that he lost provisions not exceeding $12 in value. With the exception of two stoves, we do not think there is any testimony tending to show a loss of furniture, beds, and bedding exceeding

in value $55 to $56. His claim for damage to the stoves will be considered presently. The only tangible proof of the articles destroyed or damaged by the fire, and their value, is contained in a list and appraisal thereof made by the plaintiff and his wife, and verified by the affidavit of the plaintiff, and in his testimony as a witness in his own behalf on the trial. There seems to be no proof of the loss of any articles not included in such list, or that any of them are of greater value than is therein specified. We take the value and description of the property damaged or destroyed from this list. In this list are included a parlor stove and a kitchen stove, valued therein at $50. The testimony tends to show that the parlor stove was ruined by the fire, and the highest value put upon it does not exceed $15. There is really no evidence that the kitchen stove was damaged by the fire. The plaintiff testified that "part of it went through the fire and it was broke." But when or how it was broken, or to what extent, does not appear. The above is all the evidence we find on the subject, except the plaintiff testified he told the defendant's adjuster that "the kitchen stove was a Continental Cincinnati. I paid $52 for it, and he might have it for $40; that I had used it awhile." Moreover, the evidence is overwhelming that the kitchen stove was removed from the building before the fire reached it, and was not injured at all. The evidence was entirely insufficient, indeed there was no evidence, to support a verdict awarding damages on account of such stove.

The evidence, therefore, did not warrant the jury in allowing over about $70 on account of furniture, beds, and bedding, and $12 on account of provisions, — in all, $82,— yet the jury awarded the plaintiff $115 on account of those articles. This is fatal to the judgment. In the exercise of a sound discretion this court has, in some cases of excessive damages, allowed the plaintiff to remit the excess and take judgment for the true amount. But this should never be

done, in a case determined by a jury, unless it is very clearly proved what is the true amount. There is no such clear proof here, for there is much evidence tending strongly to prove that the plaintiff in his testimony greatly overstated his loss. There must, therefore, be another trial.

3. It was argued on behalf of the defendant that it conclusively appears that the plaintiff wilfully swore falsely in respect to his loss, which, under a clause in the policy, forfeits his right to recover, and hence that the motion for a new trial should have been granted. We are unable to say that the proof is conclusive that he did so; and we do not say that the evidence tending to show that he did is preponderating. We leave that question, without expressing or intimating any opinion upon it, for the consideration of the court and jury when the case shall be again tried.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.