## McDONALD v. HOOKER.

### Decided May 27, 1893.

1. *Statute of frauds—Parol proof of express trust.*
   Oral proof cannot be heard to engraft an express trust upon a deed absolute in terms.

2. *Estoppel—Inconsistent positions in court.*
   Where suit is brought to establish a trust, and the pleadings, evidence and argument are all directed to the question whether there was a trust, plaintiff cannot, on appeal for first time, contend that there was a sale and ask to have a vendor's lien for purchase money enforced.

Appeal from Jackson Circuit Court in Chancery.

JAMES W. BUTLER, Judge.

*Jno. W. & Jos. M. Slayton* and *U. M. & G. B. Rose* for appellant.

1.   The testimony of Mrs. McDonald is vague and indefinite—and she is contradicted by all the other witnesses.

2.   If there was a trust in this case, it was an *express* trust; it could be no other, and, being in parol, it was void under our statute of frauds. Mansf. Dig. sec. 3382; 2 Reed, Stat. Frauds, sec. 851; 4 Ark. 296; 45 Ark. 481; 21 *id.* 440; 37 *id.* 146; 1 Johns. Chy. 339; 2 Bibb, 311.

3.   This case does not fall within the definition of either a constructive or resulting trust, and does not arise by operation of law, and sec. 3383 Mansf. Digest does not apply. 2 Story, Eq. sec. 1197; 2 Story, Eq. Jur. ch. 33; Bisph. Eq. ch. 3; 50 Ark. 76; Browne, Stat. Frauds, sec. 94; *ib.* sec. 95; *ib.* sec. 96; Perry, Trusts, 134; 130 U. S. 130; 1 P. Wms, 618; 56 Pa. St. 119; 2 Watts, 323; 32 Pa. St. 372; 6 Ga. 589; 4 W. & S. 149; 9 Watts, 32.

4.   The deed recites a consideration, and this is conclusive. 1 Perry on Trusts, sec. 162; 4 S. W. Rep. 512; 9 Foster, 129; 29 Me. 410; 2 Watts, 187; 2 Dev. Eq. 316; 2 Wis. 428; 4 Russ. 423.

5.   The covenants of warranty debar the appellee from asserting the trust. 1 Perry, Trusts, sec. 162; 6 Barb. 99; 3 Wash. Real Prop. 480.

*L. B. McDonald, pro se.*

1.   In all the States where the statute of frauds is in force, express trusts cannot be proved by parol. Mansf. Dig. sec. 3382; 1 Perry, Trusts, sec. 75; 45 Ark. 481; 40 Miss. 788; 42 Ark. 503; 21 *id.* 443; 7 N. E. Rep. 84; 41 Ohio St. 642.

2.   ˙ Equity follows the law, and parol contemporaneous agreements cannot be admitted to vary or contradict the written contract. 19 Ark. 690, 593; 9 *id.* 501; 48 Miss. 705.

*C. F. Greenlee* for appellee.

1. This is a resulting trust, or one arising by implication of law, and is excepted from our statute. Mansf. Dig. sec. 3383. The trust in this case belongs to the third class mentioned by Lord Hardwick in 2 Atk. 148, and falls within the principle of 19 Ark. 39; 41 *id.* 264; and 15 S. W. Rep. 830. See also 1 Versey, 125; 8 Humph. 460; 15 Ill. 519.

2. A trust may be shown in opposition to a deed absolute on its face. 5 Ark. 321; 7 *id.* 505; 11 *id.* 82; 13 *id.* 112; 40 *id.* 67; 3 Story, 181; 58 Barb. 258; 7 Leigh (Va.), 581; 35 Tex. 49.

3. Even if this were an express trust, it is not void, because there has been part performance. 2 Vern. 456; Wh. & Tud. L. C. in Eq. 512; Story, Eq. sec. 1522; *ib.* secs. 781, 439; 14 Johns. 15, 31; 1 Gill, 383, 389; 13 Conn. 479, 491; 18 *id.* 222; 9 N. H. 386; 15 Ark. 312; 1 *id.* 391, 417; 19 *id.* 39, 24; 21 *id.* 110, 137; 49 *id.* 503. Also because there is sufficient evidence in writing by which the trust may be proved. Perry, Trusts, sec 81, 82; Browne, St. Frauds (1st ed.), sec. 104.

*John C. Palmer* for appellee.

Contends that this is a resulting trust, but that, if it were an express trust, it is taken out of the statute by part performance. Citing 55 Ark. 112; 15 S. W. Rep. 830; 47 Ark. 317, and others.

HUGHES, J. This is an appeal from a decree in chancery holding that McDonald, the appellant, held lands described in the complaint and the decree in trust for the appellee, and ordering partition thereof. The appellee is the daughter of Sarah C. McDonald, and the grand-daughter of Mathew Davis, who died in September, 1866, leaving six heirs, of whom the appellee's mother, since deceased, was one. A few days before his death the said Mathew Davis, by absolute deed of war-

ranty, reciting a consideration of $8000 conveyed to the appellant, who was his son-in-law, certain lands, being the lands involved in this suit, in which the appellee claims a one-sixth interest, being as she claims the one-sixth interest of her mother as one of the six heirs of the said Mathew Davis. The deed did not purport to convey the lands to McDonald as trustee.

There was evidence tending to show that, at the time when the conveyance was made, Mathew Davis, the grantor, was largely indebted, and made the conveyance to hinder his creditors, and effect a compromise of his indebtedness. But the conclusion we have reached in the case makes it unnecessary that we should discuss that phase of the case.

Proof was introduced that McDonald really paid no consideration for the conveyance. In his answer he denied the trust, pleaded the statute of frauds, the statute of limitation; and relied upon the warranty in Davis' deed to him, to bar the appellee's right of recovery. It appears in evidence that McDonald afterwards took deeds from the other heirs of Mathew Davis conveying to him respectively, as recited in the deeds, their one-sixth interest in the lands conveyed to him by their father, Mathew Davis, reciting considerations varying from $860 to $2150. It also appears in evidence that from time to time he had paid to the appellee, and for her maintainance and education, various sums of money, amounting in the aggregate to more than $1300. There is evidence tending to show that the appellant, after the death of Mathew Davis, had a guardian appointed for the appellee, who was then a minor, and that he proposed at one time to convey her some land, but did not do so.

In no writing introduced in evidence does it appear that Mathew Davis declared in writing a trust in the lands at the time the conveyance was made by him to McDonald, or at any other time, or that he orally de-

1. **Express trust not proved by parol.**

clared any trust in the lands. Nor does it appear from the evidence that the appellant acknowledged, or declared that he held the lands in trust. There is no such statement or acknowledgment in any of the deeds he took from the five heirs, or in the receipts he took for moneys he paid to or for the appellee. There appears no memorandum in writing acknowledging or declaring a trust upon the part of the appellant, nor is there any evidence in the case that he declared or acknowledged the trust orally ; save and except the testimony of Mrs. E. V. McDonald, a daughter of Mathew Davis, who testified that there was a written declaration of trust. But her testimony is, in our opinion, somewhat vague and uncertain, and is opposed to the decided weight of the evidence all taken together. We are therefore constrained to believe she is in error as to this, and that there was no written declaration of trust.

Are the facts sufficient to establish a trust?

Our statute of frauds, section 3382 of Mansfield's Digest, provides : " All declarations or creations of trust or confidences of any lands or tenements shall be manifested and proven, by some writing signed by the party, who is or shall be by law enabled to declare such trusts, or by his last will in writing, or else they shall be void."

Before the statute of frauds, trusts in lands might be proved by parol because at common law a deed in writing was not necessary to transfer land. "The land could be conveyed by mere livery of seizin in the presence of the freeholders of the neighborhood, who might be called upon to witness the act." 1 Perry on Trusts, sec. 74.

It is said that "the statute of frauds will be satisfied if the trust can be manifested or proved by any subsequent acknowledgement by the trustee, as by an express declaration, or any memorandum to that effect, or by a letter under his hand, or by his answer in chancery,

or by his affidavit," etc.; "in short by any writing in which the fiduciary relation between the parties and its terms can be clearly read. And if there is any competent written evidence that the person holding the legal title is only a trustee, that will open the door for the admission of parol evidence to explain the position of the parties," etc. 1 Perry on Trusts, secs. 81 and 82, and cases cited.

Mr. Reed in his work on the Statute of Frauds, sec. 851, says: "Since the Statute of Frauds, however, express trusts cannot be proved by parol against a deed, * * * and evidence of the purpose of a deed is inadmissible to establish an express trust, and uses, being within the Statute of Frauds, cannot be taken to a stranger by parol averment."

"Orol proof cannot be heard to engraft an express trust upon a deed absolute in terms." *Kelly* v. *Karsner*, 72 Ala. 110; *Lawson* v. *Lawson*, 117 Ill. 98; *Phillips* v. *South Park Com'rs*, 119 Ill. 626; *Green* v. *Cates*, 73 Mo. 122; *Pavey* v. *Am. Ins. Co.*, 56 Wis. 221; *Ratliff* v. *Ellis*, 2 Ia. 59.

Had the appellant admitted in his answer a parol agreement, and pleaded the statute of frauds, he would have been entitled to the benefit of it. *Sorrells* v. *Sorrells*, 4 Ark. 296; *Rowe* v. *Teed*, 15 Ves. 375.

A parol promise to reconvey comes within the statute of frauds, where the conveyance is absolute. *Holt* v. *Moore*, 37 Ark. 146; *Robinson* v. *Robinson*, 45 Ark. 481; *Morris* v. *Morris*, 2 Bibb, 311; *Movan* v. *Hays*, 1 Johns. Ch. 339; *McClain* v. *McClain*, 57 Ia. 167.

It appears therefore that there was no express trust in this case, and there could be no other. It becomes unnecessary to notice other questions in the case.

The decree is reversed, and the complaint is dismissed for the want of equity.

Opinion on motion for rehearing filed Oct. 21, 1893.

2. Parties
cannot assume
inconsistent
positions in
court.

HUGHES, J.   This action was brought by the appellee to have the appellant declared a trustee as to land conveyed by appellee's grandfather to the appellant, by absolute deed, reciting a consideration of $8000, which the evidence in the case showed had never been paid.

The court below rendered a decree for the appellee, which upon appeal to this court was reversed, upon the ground that there was no written evidence of the creation or declaration of a trust, and that an express trust could not be created or declared in any other way than in writing ; that express trusts not in writing are within the statute of frauds and void.

A motion for a rehearing and a modification of the decree is filed, in which the appellee seeks to enforce the vendor's lien for the purchase money, which was never paid.   The suit was brought to establish a trust, and not to enforce a vendor's lien, and the pleadings, evidence and argument in the cause were all directed solely to the question, whether there was a trust. Nothing prior to the filing of this motion was said about a vendor's lien in the case, and no issue as to the existence of such a lien was made.

The contention that there was a trust is not consistent with the contention that there was a sale and a vendor's lien for purchase money.   The appellee prosecuted her suit to establish a trust alone, and having failed in this seeks to have a vendor's lien enforced.

It is said " that one who, without mistake induced by the opposite party, has taken a particular position deliberately in the course of a litigation must act consistently with it ; one cannot play fast and loose." Big. on Estoppel, p. 717 ; *Pickett* v. *Merchants' Bank*, 32 Ark. 348 ; *Millington* v. *Hill*, 47 *id*. 301 ; *Railway Co.* v. *McCarthy*, 96 U. S. 267.

This is no arbitrary rule, but is one demanded by the very object of courts of justice.   Big. on Estoppel, p. 722.

The motion is denied.