STRONG and others, Appellants, vs. GORDON and others, Respondents.

*May 24 — June 11, 1897.*

*Creditors' action: Trusts: Construction of statute.*

1. G. purchased land with P.'s money, took title in his own name with P.'s consent, and gave P. written declarations that P. owned the land and that he held the title in trust for him, but such declarations were not recorded, and most of them were not entitled to record. Plaintiffs extended credit to G., knowing that he had title to the land but not relying on his ownership thereof. Neither G. nor P. represented that G. owned the lands, nor did P. know that G. was contracting debts. G. conveyed the lands to P., who throughout the entire transaction acted in good faith and without intent to defraud plaintiff or any other person. Subsequently plaintiffs obtained judgment against G. *Held,* that the land could not be subjected to the lien of the judgment by a creditors' action.
2. Sec. 2090, R. S. (providing that when an express trust is not created by the conveyance to the trustees "such conveyance shall be deemed absolute as against subsequent creditors not having notice of the trust," etc.), applies only to the express trusts authorized by sec. 2081, S. & B. Ann. Stats., not to mere passive or dry trusts.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This is an action in the nature of a creditors' bill, brought by the plaintiffs, who are judgment creditors of the defendant Gordon, to subject about 260 acres of farm lands, conveyed by Gordon to the defendants *Peck,* September 8, 1890, to the lien of the plaintiffs' judgment, on the ground that the plaintiffs gave credit to Gordon, while he held the title to said lands, upon the faith of his apparent ownership thereof.

The action was tried before the court, and the court found, in effect: (1) That the plaintiffs obtained their several judgments against defendant Gordon in September, 1890, and that executions were thereafter issued thereon and returned unsatisfied. (2) That between March, 1882, and December, 1888, the defendant Gordon purchased of various persons

certain parcels of real estate upon the shores of Lake Kosh-
konong, in Jefferson county, amounting in all to about 262
acres, and took the legal title thereto in his own name, and
placed the deeds upon record; but that, in truth and in fact,
he purchased such lands for the use and the benefit of the
defendants *Peck*, who furnished and paid the purchase price
thereof, and that Gordon had no beneficial interest in said
lands, but held the legal title thereof for the use and benefit
of the defendants *Peck*, who paid the entire purchase price
of said lands, amounting, in all, to about the sum of $12,000.
(3) That from 1882 to 1890 the defendants *Peck* also fur-
nished and paid to the defendant Gordon about the sum of
$20,000, in addition to said $12,000, a large portion of which
was used by the defendant Gordon for improvements upon
said lands, and that Gordon never repaid to said *Pecks* any
part of said advances.   (4) That the plaintiffs had no knowl-
edge of the interest that the *Pecks* had in said lands when
they extended credit to Gordon, but that they knew at that
time that the legal title to said lands was in said Gordon,
and believed him pecuniarily responsible for the debts he
contracted.   (5) That said Gordon made no representations
to said plaintiffs in respect to the ownership of said lands,
nor did the plaintiffs rely upon his apparent ownership of
said lands in extending him credit.   (6) That the defendants
*Peck* did not know that Gordon was contracting debts or
incurring obligations to the plaintiffs, or either of them, or
to other persons, and that they never represented or acted
so as to lead any one to believe that Gordon owned said
lands, but, on the contrary, claimed the lands as their own.
(7) That in all dealings with reference to said lands the de-
fendants *Peck* acted in good faith, and from legal and hon-
est motives, and that they did not permit the title to be
taken by Gordon for any wrongful or dishonest purpose, or
with intent to defraud the plaintiffs or any other persons.
(8) That upon the purchase of said various parcels of land

by Gordon the said Gordon made, executed, and delivered various declarations of trust, covering said lands, declaring, in effect, that he held the title thereto for the benefit of the defendants *Peck*, but that none of said declarations of trust were recorded in the office of the register of deeds, excepting one, which was recorded on the 24th day of July, 1890, but was not witnessed or acknowledged so as to entitle it to be recorded. (9) That on the 8th day of September, 1890, the said Gordon executed and delivered quitclaim deeds to all of said lands to the defendants *Peck*, which deeds were recorded in the proper office on the 10th day of September, 1890. (10) That in taking the said quitclaim deeds the said defendants *Peck* acted in good faith, and that said deeds were made merely for the purpose of placing the legal title in the persons who actually owned the said lands and had paid the consideration therefor, and without intent to defraud any persons, and that said deeds were made and delivered upon a valuable and sufficient consideration. (11) That the plaintiffs commenced attachment actions against the defendant Gordon in July, 1890, but did not cause any real estate described in the complaint herein to be attached. (12) That this action was not commenced until the 5th day of December, 1894, and that more than four years had elapsed after the return of the last execution before the commencement of this action. (13) That the defendant Gordon became insolvent in the spring of 1890, and left the state, and has never returned.

As a conclusion of law the court found that the plaintiffs had no lien or claim against the lands named in the complaint. From a judgment dismissing the complaint the plaintiffs appeal.

*L. B. Caswell,* for the appellants, contended, *inter alia,* that the *Pecks* were estopped from asserting their interests in the land as prior to the interests of the plaintiff. *Hopkins v. Joyce,* 78 Wis. 443; *Besson v. Eveland,* 26 N. J. Eq. 468;

Strong and others vs. Gordon and others.

472; *Hews v. Kenney,* 43 Neb. 815; *Simon v. Openheimer,* 20
Fed. Rep. 553; *Rumsey v. Town,* id. 558; *Crook v. Stuart,* 2
McCrary, 13; *Argall v. Seymour,* 4 id. 55; *Hirsch v. Norton,*
115 Ind. 341; *Trenton Banking Co. v. Duncan,* 86 N. Y. 222;
*Pierce v. Hower,* 142 Ind. 626; *Standard Paper Co. v. Guen-
ther,* 67 Wis. 101; *Sanger v. Guenther,* 73 id. 354; *Crippen
v. Fletcher,* 56 Mich. 389; *Hildreth v. Sands,* 2 Johns. Ch.
35; *Blennerhassett v. Sherman,* 105 U. S. 118; *Bank of U. S.
v. Housman,* 6 Paige, 526.

For the respondents *Peck* there was a brief by *Fethers,
Jeffris, Fifield & Mouat* and *Aldrich, Reed, Foster & Allen,*
and oral argument by *M. G. Jeffris.*

WINSLOW, J.   It is vigorously contended that some of the
vital findings of fact made by the court are not justified by
the evidence, but examination of the case convinces us that
the contention cannot prevail.

The facts, in brief, are that Gordon bought 260 acres of
land with the money of the defendants *Peck,* and took title
in his own name with the consent of the *Pecks.*   As he pur-.
chased the various parcels of land, Gordon gave to the *Pecks*
written declarations, stating, in effect, that the *Pecks* had
advanced the money to pay for the land, and owned the
same, and that he (Gordon) held the title in trust only for
them, and subject to their direction.   These declarations.
were not placed on record, and in fact most of them were
not executed so as to be entitled to record.   The plaintiffs
extended credit to Gordon, knowing that he had title to the
lands, but not relying upon his ownership of the lands.
Neither Gordon nor the *Pecks* represented that Gordon
owned the lands, nor did the *Pecks* know that Gordon was
contracting debts.   Prior to the plaintiffs' judgments, Gor-
don conveyed the lands to the *Pecks,* because they had paid
the entire consideration therefor, and the acts of the *Pecks*

throughout the entire transaction were in good faith, and without intent to defraud the plaintiffs or any other person.

Upon these facts the defendants were entitled to judgment under the decisions of this court. Had Gordon represented to the plaintiffs that he owned the lands, and obtained credit thereby, the plaintiffs dealing with him on the faith of his representation and apparent ownership, the *Pecks* would probably be estopped from asserting any interest in the land until the plaintiffs had been paid. *Hopkins v. Joyce,* 78 Wis. 443. Such, however, was not the case. Neither Gordon nor the *Pecks* made any representations as to Gordon's ownership of the lands, nor did the plaintiffs give Gordon credit relying upon his apparent ownership. Before the plaintiffs obtained judgments, Gordon in good faith conveyed the lands to the *Pecks,* who had paid for them, and were entitled in good conscience to the title. Thus, though the trusts were probably void, being mere passive or dry trusts not authorized by the statute, they were fully executed before the rights of any third persons had intervened, and hence will be protected. *Karr v. Washburn,* 56 Wis. 303; *Begole v. Hazzard,* 81 Wis. 274.

The plaintiffs invoke the aid of sec. 2090, R. S., which provides as follows: "When an express trust is created, but is not contained or declared in the conveyance to the trustees, such conveyance shall be deemed absolute as against the subsequent creditors of the trustees, not having notice of the trust, and as against purchasers from such trustees, without notice, and for a valuable consideration." The express trust here referred to must be one of the express trusts authorized by sec. 2081, R. S., as amended by ch. 290, Laws of 1883, as these are the only valid express trusts now existing with reference to real property under our laws. It has been held, also, that the trust referred to in this section must be created by an instrument in writing executed

as the statute requires. *Pavey v. American Ins. Co.* 56 Wis. 221. As we have seen, the trusts attempted to be declared by Mr. Gordon in the various declarations were mere passive or dry trusts, and not express trusts; hence the section has no application to the present case. *Davis v. Graves,* 29 Barb. 480.

*By the Court.*— Judgment affirmed.