NATIONAL BOND & INVESTMENT COMPANY, Appellant, vs. MURPHY (WALTER), Defendant: MURPHY (MARGARET), Garnishee Defendant and Respondent.

*April 8—April 27, 1937.*

For the appellant there were briefs by *Tom L. Yates* of Amery, attorney, and *Reuther, Sullivan & Moylan* of St. Paul, Minnesota, of counsel, and oral argument by *Mr. Yates* and *Mr. John D. Sullivan*.

*Willis E. Donley* of Menomonie, for the respondent.

WICKHEM, J. On or about July 17, 1934, defendants Walter and Margaret Murphy went to the Egan Chevrolet Company in St. Paul, Minnesota, where Walter Murphy purchased a new car. Walter Murphy made a purchaser's statement in which it was asserted that he owned $1,500 worth of machinery and $8,000 worth of livestock, without incumbrances, and that his income for 1935 would be $2,000 from his dairy and $500 other income. Margaret Murphy was in the salesroom at the time the papers were made, but denies that she knew anything about the negotiations or

representations. The new car was sold upon a conditional sales contract. In March, 1935, the car was involved in a collision and wrecked. Plaintiff became the assignee of the conditional sales contract shortly after its execution, and on March 30, 1935, secured a cognovit judgment for the unpaid balance of the purchase price. Defendants testified that all the property here in question belonged to defendant Margaret Murphy.

The plaintiff's contention is that defendant Margaret Murphy is estopped to assert her title to this property. The first basis for the claimed estoppel is that garnishee defendant was present when her husband represented that he, owned the property in question. The difficulty with this contention is that she testified that she knew nothing of the representations and did not hear them made. This evidence was obviously accepted by the court as true. Plaintiff intimates that the story of defendant Margaret Murphy is incredible. This contention, which was expressly rejected by the trial court, cannot be sustained. Margaret Murphy and Walter Murphy had been engaged to be married for some years prior to June, 1930, and were actually married in July, 1930. In 1929, Mr. Murphy had sustained a very serious accident which had resulted in permanent disability. He was unable to work. At that time, Margaret Murphy was engaged in teaching in high school and had a good salary. Murphy had an accident or health policy upon which he was seeking to recover for his disability, and upon which he ultimately recovered the sum of $17,000. The evidence of defendants is to the effect that she agreed to marry him, to care for him, to pay the expenses of litigation, and keep up the premiums on the policy. She testified that the personal property in question was either purchased from the proceeds or was her property before that time. We see nothing inherently incredible in this testimony.

The second basis for the estoppel is that, without objection by garnishee defendant, all of the personal property was assessed in the name of Walter Murphy during the years 1933–1934; that the taxes were paid in his name; and that the cream check was in the name of Walter Murphy, and had been for some time.  It is claimed that these facts were sufficient to create in the husband an appearance of ownership which would estop garnishee defendant from setting up her title to the property as against a creditor who extended credit to the husband in reliance upon this apparent ownership.   There is undoubtedly a rule to the effect that where an owner of real estate permits the record title to stand in the name of another, and thereafter credit is given to that other on the faith of the apparent ownership, there will be an estoppel to assert title in an equitable proceeding in the nature of a creditor's suit to subject the property to the debt.   Whether the fact that garnishee defendant did not object to the form of the assessment or cream check brings the case within the rule need not be determined.   The decisive factor here is that there was no reliance upon principal defendant's apparent ownership.   The reliance was upon his representations, and garnishee defendant is not, upon the findings, chargeable with these.   Plaintiff relies upon the case of *Hopkins v. Joyce,* 78 Wis. 443, 47 N. W. 722.   In that case, at the time credit was given to him by plaintiffs, the husband held the record title to a certain lot of which his wife was the real owner.   The husband did not represent to plaintiffs that he owned the lot, but he did state that he was in good circumstances and referred them to another person for the particulars of his property and financial condition.   Plaintiffs applied to this person, who informed them that the husband owned the lot in question.   In that case, therefore, there were two deciding factors:   (1) The husband authorized reference to a third person and made the

representations of this person his own. (2) The wife had created in defendant an appearance of ownership that formed the basis of the representation by the third person to plaintiffs. The situation was the same in legal effect as though the plaintiffs had resorted to the record to ascertain the ownership. Here, plaintiff relied solely upon the representations of the husband and not upon his apparent ownership. This case is governed by *Martin v. Remington,* 100 Wis. 540, 76 N. W. 614; *Marston v. Dresen,* 85 Wis. 530, 55 N. W. 896; *Strong v. Gordon,* 96 Wis. 476, 71 N. W. 886. All of these cases prescribe as a requisite for an estoppel that there be reliance upon the apparent ownership of the person to whom credit is extended.

*By the Court.*—Judgment affirmed.