Hirsch v. Norton, Administrator.

No. 13,105.

HIRSCH v. NORTON, ADMINISTRATOR.

115   341
136   101
115   341
140   258
142   631
115   341
144    57
115   841
154   270

CORPORATE STOCK.—Assignment.—Secret Agreement that Title Shall Remain in Assignor.—Rights of Assignee's Creditors.—Estoppel.—H. transferred, on the books of the corporation, bank stock to S., and certificates were issued to the latter. At the same time the parties entered into a secret agreement, stipulating that the transfer was made without consideration, and that H. should remain the owner of the stock. S. died insolvent, with the certificates in his possession.

Held, that H. can not assert his title as against creditors of S. whose claims were contracted on the faith that the latter owned the stock.

SAME.—Decedent's Estate.—Creditors.—Administrator.—In such case the administrator of the decedent, as the representative of the creditors, may show when their claims accrued, and that credit was given on the faith that S. was the owner of the stock.

From the Randolph Circuit Court.

E. L. Watson and J. S. Engle, for appellant.

W. A. Thompson, A. O. Marsh and J. W. Thompson, for appellee.

ELLIOTT, J.—In his complaint the appellant alleges that he is the owner of ten shares of the capital stock of the Randolph County Bank; that he transferred the stock on the books of the bank to Levi W. Study; that the bank issued to Study the proper certificate; that, at the time the transfer was made, a written contract was entered into between the appellant and Study, wherein it was stipulated that the former should remain the owner of the stock, and receive all dividends, and that the transfer was made without consideration.

It is further alleged that Study did not own or control the stock; that he died intestate on the 11th day of December, 1885; that he was, at the time of his death, in possession of the certificate issued to him; that his estate is insolvent, and that the appellee, Norton, as his administrator, has taken

possession of the certificate of stock and holds it as part of the assets of his intestate's estate.

The material allegations of the third paragraph of the answer of the appellee, Norton, are these: That the Randolph County Bank was a corporation duly organized under the laws of this State; that the capital stock of the bank was divided into shares of one hundred dollars each; that the appellant owned one hundred and ten shares of the capital stock; that he transferred to Study ten shares, and caused a formal transfer to be made on the books of the bank; that the bank issued a certificate for ten shares of stock to Study; that the stock remained in Study's name at the time of his death and still so remains; that the certificate was in his possession when he died; that Study and the appellant executed the written contract set out in the complaint; that the execution and existence of this writing were kept a secret and were concealed until after Study's death; that, from the time of the transfer until Study died, the appellant held him out to the stockholders of the bank and to the public generally as the owner of the stock; that he drew dividends and paid taxes on it; that, at the date of his death, he was insolvent; that each and all of the creditors of his estate contracted with him with the full knowledge that the stock stood in his name on the books of the bank and in the full faith and belief that it was his absolutely, and that they gave him credit in the faith and belief that he owned the stock.

The ten shares of stock were transferred to Study in full form, and he was invested with all the evidences of title that his assignor could clothe him with. In appearance he was the sole and legal owner of the stock. The books of the bank showed this ownership, and he was the holder of the certificate, which was the highest and best evidence of ownership. Nothing was lacking in his evidence of title. As against those with whom he dealt and who gave him credit on the faith that he owned the stock, he is in equity to be deemed the owner. *Wheelock* v. *Kost*, 77 Ill. 296; *Adderly*

v. *Storm*, 6 Hill, 624; *Hale* v. *Walker*, 31 Iowa, 344; *Leitch* v. *Wells*, 48 N. Y. 585; *Kelly* v. *Scott*, 49 N. Y. 595; *Moore* v. *Metropolitan Nat'l Bank*, 55 N. Y. 41; *McNeil* v. *Tenth Nat'l Bank*, 46 N. Y. 325; *Hilliard* v. *Cagle*, 46 Miss. 309, 336.

The property transferred by the appellant to Study is of a peculiar nature, and is assignable in a peculiar method. The cases which govern transfers of tangible personal property can not control where the subject of the transfer is the capital stock of a corporation. In making transfers of corporate stock, the full, absolute legal title is transferred in cases where all is done that the law requires. *State, ex rel.*, v. *First Nat'l Bank*, 89 Ind. 302; *Brewster* v. *Hartley*, 37 Cal. 15; *Fisher* v. *Seligman*, 75 Mo. 13.

The transfer made by the appellant gave to Study all the evidence of title that it was possible for the one to create or the other to acquire, and as to those who in good faith gave Study credit on the faith of his legal ownership, the appellant can not be allowed to make available the secret agreement between him and his assignee. He voluntarily put it in the power of Study to secure credit upon the faith of his ownership of the stock, and as against creditors he can not be heard to aver that the secret agreement secured to him the ownership of the capital stock. Where a party, by clothing another with all the legal *indicia* of ownership, enables him to mislead others, he, and not those who are misled by his acts, must be the sufferer. If loss comes, the man who invested the debtor with the evidence of absolute title, and thus misled creditors, must bear it, and not the creditors. The conclusion we assert involves little more than an application of the familiar general principle, that where one of two innocent persons must suffer by the act of a third, he must suffer who put it in the power of the third, to do the act. *Quick* v. *Milligan*, 108 Ind. 419; *Preston* v. *Witherspoon*, 109 Ind. 457; *Kelley* v. *Fisk*, 110 Ind. 552; *Cowdrey* v. *Vandenburgh*, 101 U. S. 572; *Wood's Appeal*, 92 Pa. St.

379 (37 Am. R. 694); *Hamlin* v. *Sears*, 82 N. Y. 327; *Crocker* v. *Crocker*, 31 N. Y. 507.

The assignment and transfer of the certificate, considered without reference to the secret agreement, undoubtedly vested title in Study, and if that title is defeasible it must be because of the agreement between him and the appellant.

We have already given sufficient reasons for our conclusion that the secret agreement can not prevail as against creditors, but we may add another, and that is that the agreement creates a secret trust void as against creditors under the provisions of our statute. R. S. 1881, section 4921; *Plunkett* v. *Plunkett*, 114 Ind. 484; *Mayer* v. *Feig*, 114 Ind. 577.

The case of *McGirr* v. *Sell*, 60 Ind. 249, and cases of a similar class, can not, as we have already suggested, rule here, for here there was much more than a mere delivery of the possession of property; there was an actual transfer evidenced in such a method as to invest the assignee with all the possible *indicia* of ownership. In the cases referred to by appellant's counsel there was no written evidence of title, and for that reason those cases are to be discriminated from the present. But, as we have already indicated, that is not the only reason for discriminating between the two classes of cases.

It was proper to prove the claims of creditors, and to prove when they were created. The reason for this conclusion is, that the administrator represents the creditors, and as their representative he had a right to show when their claims accrued, and to show, also, that credit was given the intestate on the faith that he owned the stock transferred to him by Hirsch. The case is strictly analogous to that of a fraudulent conveyance, and in such cases it is well settled that the creditors or their representative may show when the debt was contracted. *Stout* v. *Stout*, 77 Ind. 537; *Second Nat'l Bank* v. *Townsend*, 114 Ind. 534.

The declarations of Study were competent. They were

competent.upon two grounds.: to prove the indebtedness, and to prove that credit was given him on the faith of his ownership of the stock.

Judgment affirmed.

Filed June 26, 1888.