Hopkins and another vs. Joyce and wife.

Hopkins and another, Respondents, vs. Joyce and wife, imp., Appellants.

*December 17, 1890 — January 13, 1891.*

*Debtor and creditor: Fraudulent conveyance: Husband and wife: Estoppel: False representations through third person: Creditors' suit: Exhaustion of legal remedy.*

1. The equitable title to a lot was in the wife, but she permitted the legal title to remain in her husband, "because of business conveniences and considerations." The plaintiffs gave credit to the husband, relying upon his statement that he was the owner of the lot. Afterwards the husband and wife exchanged the lot for others, which were conveyed directly to the wife. *Held,* that this was a fraud upon the plaintiffs, and that in a creditors' suit they might subject the new lots to the payment of the husband's debt. As against them the wife is estopped to assert her title, although she intended no fraud.

2. When the husband applied for credit, he stated that he had plenty of means to pay, and referred the plaintiffs to a third person for particulars. The person thus referred to stated that the husband owned the lot. *Held,* that this was equivalent to a like statement by the husband himself.

3. The issuance of an execution and its return unsatisfied by the proper officer is a sufficient exhaustion of legal remedies to warrant the bringing of a creditors' suit in equity.

APPEAL from the Circuit Court for *Milwaukee* County.

The action is in the nature of a creditors' suit to subject certain lots in the city of Milwaukee (the record title to which is in the defendant *Alice M. Joyce*) to the lien of a certain judgment of the plaintiffs against the defendant *Gilbert S. Joyce.*

The testimony satisfactorily shows that before and at the time *Gilbert S.* contracted the indebtedness to plaintiffs for which their judgment against him was recovered he was the owner of another lot in that city (which for convenience will be designated as lot 2), and that about the time such

judgment was obtained he and his wife conveyed the same to one Mapes, who, in exchange therefor, conveyed to *Mrs. Joyce* the lots in controversy. Plaintiffs gave credit to *Gilbert S.*, and rendered him professional services as attorneys at law, in reliance upon his statement to them that he was the owner of lot 2.

*Mrs. Joyce* claimed to be the real owner of lot 2, but it appears she knew the title thereto was in her husband, and permitted it so to remain " because of business conveniences and considerations," as she and her husband state in their answer.

The circuit judge found the facts as above stated; also the return of an execution issued upon plaintiffs' judgment unsatisfied; and further, that if *Mrs. Joyce* was the equitable owner of lot 2 she could not, under the circumstances of the case, be heard to assert such ownership against the superior equities of the plaintiffs. Judgment was accordingly awarded and duly entered subjecting the lots conveyed by Mapes to *Mrs. Joyce* to the lien of plaintiffs' judgment against *Gilbert S. Joyce*, as prayed in the complaint.

The defendant Ulrich holds a mortgage on the Mapes lots executed to him by *Joyce* and wife after the lots were thus conveyed to *Mrs. Joyce*. He took his mortgage with full notice of plaintiffs' equities, and has made no defense to the action. The defendants *Joyce* appeal from the judgment.

For the appellants the cause was submitted on the brief of *Peter Doyle*.

For the respondents there was a brief by *Hopkins & Wambold*, attorneys, and *J. C. McKenney*, of counsel, and oral argument by *H. A. Wambold*.

LYON, J. The case involves no disputed proposition of law, but turns entirely upon the facts. These are few, and are clearly proved, as found by the court. The inevitable

deduction from them is that the plaintiffs are entitled to the relief demanded, which the circuit court gave them.

A few points made in argument will be briefly noticed. The learned counsel for appellants seems to think the plaintiffs cannot prevail in the action unless they show that *Mrs. Joyce* was an active participant in some scheme of fraud known to her to be such. This is clearly a mistake. We do not suppose she ever had a thought of defrauding any person, but she confided in her husband and allowed him to retain the title to lot 2, and deal with the lot as his own, merely because he desired her to do so, without a thought or suspicion that he would so deal with it as to raise equities in others superior to her own. But having voluntarily put it in the power of her husband to do so, and he having done so, it would be a fraud upon those who dealt with him on the faith of his apparent ownership of the lot to permit her now to assert her alleged equitable interest in the lot. The circuit court so held.

It is said also that *Gilbert S. Joyce* did not represent to plaintiffs that he owned lot 2. This is probably true. It satisfactorily appears, however, that he stated to them when he applied for credit that he was in good circumstances — had plenty of means to pay them for any professional services they might render him,— and referred them to a certain other person for the particulars of his property and financial condition. They thereupon applied to such person, who informed them that he, *Joyce*, owned lot 2. It seems that such lot was substantially all the property *Joyce* had. The appellants are bound by the statements of the person to whom *Joyce* thus referred the plaintiffs. *Mrs. Joyce* acted through her husband, and both of them through the person who gave the information. *Qui facit per alium facit per se.*

It is further argued that before the plaintiffs can resort to a creditors' suit they must exhaust all legal remedies to

collect their judgment. This is correct. But when, as in this case, they have issued execution upon their judgment, and the same is returned unsatisfied by the proper officer, this requirement is complied with, and the equitable action may be maintained. R. S. sec. 3029.

*By the Court.*— The judgment of the circuit court is affirmed.