Argued 26 November; decided 23 December, 1901.

## SEARS v. DAVIS.

[66 Pac. 913.]

FRAUDULENT CONVEYANCE—MISTAKE—INNOCENT CREDITOR.

1. A person who has permitted another to obtain and hold the title to his real property for many years, and until after others have extended credit in reliance on such apparent ownership, is estopped thereby from asserting his claim as against such creditors. As an example, where a husband purchased land with his wife's money, and by mistake the conveyance was in his name, but the wife was notified, and allowed the husband to manage the estate as though it were his own for twenty-eight years, a conveyance from the husband to the wife should be held void as to creditors who became such on the faith of the husband's apparent ownership.

CORRESPONDENCE OF ALLEGATIONS AND PROOFS.

2. Parties cannot prosecute or defend legal proceedings except on the grounds stated in their pleadings—thus, in a suit to declare a deed from a husband to his wife void as in fraud of judgment creditors, the defense that the land was a homestead and not subject to sale on execution, cannot be urged unless pleaded.

From Polk: REUBEN P. BOISE, Judge.

Bill by Van B. Sears, executor of the estate of Isaac Ball, deceased, against J. M. Davis and others. From a decree for defendant, plaintiff appeals.         REVERSED.

For appellant there was a brief and an oral argument by *Mr. Oscar Hayter.*

For respondents there was a brief over the names of *J. H. Townsend,* and *Butler & Coad,* with an oral argument by *Mr. N. L. Butler.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a suit to set aside a conveyance from J. M. Davis to his wife, and to subject the property to the lien of plaintiff's judgment. The complaint alleges that the conveyance was made for the purpose of defrauding creditors. The answer denies the fraud charged, and for affirmative defense avers that in 1866 the defendant Davis purchased the property in controversy for his wife, with her money, but by mistake the

deed was made in his name, and through inadvertence he failed
and neglected to convey it to her until December, 1895. The
decree was in favor of the defendants, and plaintiff appeals.

1.   There is no substantial conflict in the testimony. In
1866 Davis contracted for the purchase of the Eldridge dona-
tion land claim for his wife. A part of the purchase money
was paid at the time, and a bond for a deed given by Eldridge,
which, by mistake of the scrivener, was made in favor of
Davis. When the balance of the consideration was paid, in
March, 1867, Eldridge refused to make the deed to Mrs. Davis,
although the money was furnished by her, but instead made it
in her husband's name, according to his bond. She was imme-
diately advised of that fact, however, but suffered and per-
mitted the deed to be placed of record, and the apparent title
to the property to remain in her husband, until December,
1895, when the conveyance now sought to be set aside was
made. In the meantime Davis occupied and cultivated the
premises, sold and disposed of the proceeds thereof as his own,
and in fact managed and dealt with the property as if it be-
longed to him, and was generally reputed in the community
to be the owner thereof. In 1889, while the title thus stood in
his name, he borrowed of one Isaac Ball $300, giving his prom-
issory note therefor. Ball died in February, 1895, and plain-
tiff was appointed executor of his estate. In June following
Davis applied for an increase in the loan to $500, when the
plaintiff told him that he thought that the estate ought to have
security. Davis said he would give a mortgage upon his
land for that purpose, but that there was already a mortgage
thereon for $1,500, and, upon his promising to repay the
money upon three days' notice, the plaintiff accepted a new
note for $500, dated July 6, 1895, without requiring security.
In order to verify Davis' statement, however, he examined the
records, and found the title to the property to be in Davis as
he had represented, although the testimony does not clearly
show whether this examination was made before or after the
note was executed. In December, 1895, the plaintiff endeav-
ored to collect the note, when he ascertained for the first time

that Davis had transferred the property to his wife.  He thereupon commenced an action upon the note, in due time obtained judgment thereon, and thereafter brought this suit. Upon these facts the only question to be considered is whether Mrs. Davis is estopped from setting up title to the property as against the plaintiff.

Under our statute the property and pecuniary rights of a married woman are not subject to the debts and contracts of her husband:  Hill's Ann. Laws, § 2992.  But when she voluntarily permits her husband to retain the apparent title to her property and to deal with it as his own for twenty-eight years, as the testimony shows to have been the fact in this case, she is estopped from afterwards asserting her claim as against creditors of the husband who have dealt with him upon the faith of his apparent ownership:  2 Pomeroy, Eq. Jur. (2 ed.), § 814;  *Galbraith* v. *Lunsford,* 87 Tenn. 89 (9 S. W. 365, 1 L. R. A. 522);  *Pierce* v. *Hower,*  142 Ind. 626 (42 N. E. 223);  *Geo. Taylor Com. Co. v. Bell,* 62 Ark. 26 (34 S. W. 80); *Warner* v. *Watson,* 35 Fla. 402 ( 17 South. 654);  *Swartz* v. *McClelland,* 31 Neb. 646 (48 N. W. 461);  *Roy* v. *McPherson,* 11 Neb. 197 (7 N. W. 873);  *Hopkins* v. *Joyce,* 78 Wis. 443 (47 N. W. 722);  *Leete* v. *State Bank of St. Louis,* 115 Mo. 184 (21 S. W. 788).  This doctrine proceeds upon the principle, as stated by Mr. Justice ELLIOTT in *Hirsch* v. *Norton,* 115 Ind. 341 (17 N. E. 612), that:  ''Where a party, by clothing another with all the legal *indicia* of ownership, enables him to mislead others, he, and not those who are misled by his acts, must be the sufferer. If loss comes, the man who invested the debtor with the evidence of absolute title, and thus misled creditors, must bear it, and not the creditors.  The conclusion we assert involves little more than the application of the familiar general principle that, where one of two innocent persons must suffer by the act of a third, he must suffer who put it in the power of the third to do the act.''  It is said that there is no evidence of Davis having represented to plaintiff that he owned the property in controversy.  The answer to this objection depends upon the construction of the testimony upon a

point not made clear.  But, however that may be, it does appear that for more than twenty-five years, with the knowledge of Mrs. Davis, the title to the property remained of record in her husband.  During all the time he was apparently, to all intents and purposes, the owner thereof, and the conclusion is irresistible that the loan was made by Ball in the first instance, and the renewal note taken by plaintiff thereafter on the faith of his ownership.  Whether plaintiff's examination of the record was made before or after the execution of the renewal note, he no doubt acted upon the information he thus obtained, either in making the loan, or in forbearing to enforce its collection prior to the transfer complained of.

2.  A contention is made that the property is a homestead, not subject to sale under execution, and therefore the conveyance could not have been a fraud upon creditors.  No such defense is made by the answer, nor does the evidence show the value of the property, so that we are unable to determine at this time whether or not it is exempt under the provisions of the homestead act.

The decree of the court below is reversed, and a decree will be entered here declaring the deed from Davis to his wife void as to the lien of plaintiff's judgment.            REVERSED.