WILLIAM RIESCHICK, Respondent, v. ELIZABETH KLINGELHOEFER et al., Appellants.

Kansas City Court of Appeals, January 6, 1902.

1. **Trusts and Trustees:** RESULTING TRUST: LIABILITY OF PROPERTY FOR DEBT OF TRUSTEE. Certain daughters bought and paid for real estate and took the title in their mother. While the title so remained the mother gave her note to plaintiff who extended the credit to her on reliance of her owning the property. *Held,* the property was liable for the debt though it in fact belonged to the daughters.

2. ———: ESTOPPEL: PARTIES: PRIVIES. After the giving of the note the daughters brought a bill in equity against the mother to have the title vested in themselves. Plaintiff filed a motion to be a party defendant but withdrew it, before trial, and a decree was entered for the daughters. Plaintiff subsequently brought this action to charge the judgment on his note as a lien on the property. *Held,* he was not a party to the former action and was not estopped by the decree therein nor was he in any way a privy to the parties to that action.

3. **Parties: WHO ARE: WHO NOT.** The term "parties" does not exclude all who do not appear upon the record but includes all who have a direct interest in the subject-matter of the suit and have a right and opportunity to make a defense or control the proceedings.

4. **Estoppel: PLEADING.** Estoppel should be pleaded and the petition in this cause sufficiently does so.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

AFFIRMED.

*John F. Imel* and *Vinton Pike* for appellants.

(1) The decree of Klingelhoefer v. Ziemendorf, admitted in evidence, had the same force it would have had if the pleading had not been stricken out. Offut v. John, 8 Mo. 120. (2) It was as conclusive upon plaintiff as though he had been a formal party. 1 Herm. Estop. and Res. Adj., sec. 148; State v. St. Louis, 145 Mo. 567; Koontz v. Kaufman, 31 Mo. App. 410. (3) Plaintiff was privy to the suit and decree. He claims under Margaret, the defendant, in that proceeding. Henry v. Woods, 77 Mo. 281; Haley v. Bagley, 37 Mo. 364; 1 Green Evid., sec. 189; 1 Sto. Eq. Jur., sec. 165; State v. St. Louis, 145 Mo. 567. (4) Privies include judgment creditors. 2 Herm. Estop. and R. Adj., sec. 1277. (5) The term "parties" "is not restricted so as to exclude all who do not appear upon the record, but it includes all who have a direct interest in the subject-matter of the suit, and have a right and have also had an opportunity to make a defense or control the proceedings." Wood v. Ensel, 63 Mo. 194; State v. Coste, 36 Mo. 438; 1 Green Ev., sec. 523; 1 Herm. Estop., sec. 147; Cooley v. Warren, 53 Mo. 166; 1 Herm. Estop., sec. 148; Railroad v. Levy, 17 Mo. App. 508.

*Culver & Phillip* for respondent.

(1) The decree in Klingelhoefer v. Ziemendorf did not bind the plaintiff in this case. He was neither a party nor a privy to that suit. Koontz v. Kaufman, 31 Mo. App. 409; Freeman on Judgments, sec. 162; Henry v. Woods, 77 Mo. 281; 21 Am. and Eng. Enc. Law (1 Ed.), 139; 2 Black on Judgments, p. 654; Doe Foster v. Derby, 1 Ad. and El. 768; Wilson v. Davol, 5 Bosw. 619; Hunt v. Haven, 52 N. H. 162; Winham v. Kline, 77 Mo. App. 46; Railroad v. Commissioners, 12 Kan. 127; 2 Black on Judgments, p. 731. (2) If the defendants knowingly permitted Mrs. Ziemendorf to hold herself out as the owner of the property and plaintiff extended credit to her upon the faith of her apparent ownership, then the property is subject to the payment of respondent's judgment. Riley v. Vaughan, 116 Mo. 169; Besson v. Eveland, 46 N. J. Eq. 468.

ELLISON, J.—This is a proceeding by a bill in equity to subject certain real estate in the city of St. Joseph to the lien of a judgment in plaintiff's favor against Margaret Ziemendorf, who became insane some time after the loan was made and James A. Gibson was appointed her guardian. The finding and decree were for plaintiff.

It appears that plaintiff loaned five hundred dollars to Margaret and her son, taking their note for the same. That at this time the title to the property in controversy was in her name and was so shown on the record. It appears, however, that the defendants, daughters of Margaret, claimed that the property was really theirs and was bought, paid for and improved by them, though in the name of Margaret, and that she held the property in trust for them. After plaintiff brought suit on the note these daughters brought suit against Margaret, their mother, or rather against Gibson, her guardian, to declare a resulting trust for them and stating it was

paid for by them and that the title was taken in the name of the mother for convenience. Plaintiff filed a motion to be made a party defendant in the case but withdrew it before trial, and decree was rendered in favor of these daughters defendants, plaintiffs therein, against the guardian and that the title to the property be vested in them.

Plaintiff then brought the present bill to subject said property to his judgment as aforesaid, claiming that said suit and decree in favor of these defendants were in fraud of his rights; that he loaned the money, for which judgment was had, on the faith of the title being in Margaret. That Margaret had no other property and her son had none. That the decree aforesaid in favor of defendants was not binding on him as he was not a party to the action upon which it was founded. The defendants rely upon the decree as a bar. The court found the facts substantially as alleged by plaintiff. We are satisfied that the court was justified in finding that the title to the property was put in defendant Margaret's name, and that this plaintiff, in reliance upon her owning the property, extended the credit to her and would not have done so but for such appearance of ownership.

In such circumstances the law is, that the property is subject to the debts contracted on the faith of its being the debtor's even though, as a matter of fact, it was not. We therefore hold that, conceding that the defendant daughters bought the property, paid for it and improved it, though for convenience did so in their mother's name, yet it is liable to be held for satisfaction of those debts of the apparent owner contracted on the faith of its appearing to be owned by the debtor. Riley v. Vaughn, 116 Mo. 169, 178. The act of defendants in permitting the title to be and remain in their mother, while she contracted debts, may be likened to those cases where the grantee withholds his deed to real estate from the records until the grantor has been enabled to contract in-

debtedness on his apparent ownership. In such cases it is held that the property may be subjected to the creditor's claim. Bank v. Doran, 109 Mo. 40; Bank v. Frame, 112 Mo. 502; Bank v. Buck, 123 Mo. 141; Bank v. Newkirk, 144 Mo. 472. And so we have several times held as to personal property. Williams v. Kirk, 68 Mo. App. 462; Dry Goods Co. v. Brown, 73 Mo. App. 245; Landis v. McDonald, 88 Mo. App. 335.

But defendants contend that plaintiff is bound by the decree aforesaid vesting the title in these defendants. Whether plaintiff was a party to that decree depends on facts which have been found against defendants and we think the finding is supported by the evidence. We recognize the law that one need not be a party to the record by name in order to be bound by the judgment. The term *parties* "is not restricted so as to exclude all who do not appear upon the record, but it includes all who have a direct interest in the subject-matter of the suit, and have a right and have also had an opportunity to make a defense or control the proceedings." Wood v. Ensel, 63 Mo. 194; State v. Coste, 36 Mo. 438; 1 Green Ev., sec. 523; 1 Herman on Estop., sec. 147; Cooley v. Warren, 53 Mo. 166. "A person not a party, but who takes upon himself the defense of a suit, is bound by the judgment." 1 Herman on Estop., sec. 148; Railroad v. Levy, 17 Mo. App. 508. And authorities *supra.*

In this case plaintiff was not made a party to the action. Neither did he participate in the trial or attempt to advise or control it. We think that the idea that he did so springs from the coincidence that he and his present attorney were present at the trial. But his presence was as a witness and the part taken by his present attorney was not for him. He was not his attorney and was acting for other parties. Such circumstances do not make him a party. Koontz v. Kaufman, 31 Mo. App. 397, and cases cited. Neither do we understand how it can be thought that plaintiff was privy to that

judgment. There was nothing in the situation of the parties, or their relation to each other, to justify such contention. Plaintiff's rights in this litigation originated and were acquired by him long before the judgment with which it is now sought to bind him. Instead of being privy to those parties, he could more properly be said to be strangers to them in their proceedings. Freeman on Judgments, sec. 162; 2 Black on Judgments, sec. 549.

It is true as stated by defendants that estoppel *in pais* should be pleaded. Whatever there is in this case in the nature of estoppel was pleaded in plaintiff's petition. That is to say, he set out the facts which if true entitled plaintiff to the relief sought, even though it be conceded defendants, and not their mother, were the real owners of the property. This was a sufficient plea without a specific designation of it as a plea of estoppel.

In the foregoing we have not referred to the court's finding in detail. It was quite comprehensive and embraced more in plaintiff's behalf than we have referred to, but that which we have mentioned is sufficient to support the judgment.

. There are some other objections taken to the judgment, but a consideration of them has not impressed us with their soundness.

The judgment was clearly for the right party and is affirmed. All concur.