## WILLIAM M. BERGIN v. JOHN A. BLACKWOOD.[1]

### January 3, 1919.

### No. 20,933.

**Owner estopped from claiming property in another's name.**

1. An owner who permits his real property to appear of record in the name of another, knowing that he is engaged in business and buying on credit, and such other represents himself to be the owner and obtains credit upon the faith of his apparent and asserted title, may be equitably estopped as against creditors extending credit on the faith of such apparent and asserted ownership from claiming that his title is not subject to their claims, though he makes no representations himself and knows of none being made by the debtor.

**Same — action by trustee in bankruptcy to subject property to creditors' claims.**

2. The trustee in bankruptcy, when there are creditors entitled to in-

[1]Reported in 170 N. W. 508.

voke the estoppel, may maintain an action to appropriate the property to the extent of the claims of such creditors.

**Same — jurisdiction of state court.**
3. The trustee may appropriate the property to no greater extent than the creditors might have appropriated it had bankruptcy not intervened. When his action is brought in a state court the measure of his relief is in the first instance determined there. The state court is not concerned with the distribution of the proceeds. That is for the bankruptcy court.

**Same — form of judgment too broad.**
4. A judgment setting aside a conveyance made by the bankrupt to the defendant, and adjudging that the trustee is the owner and that the defendant has no interest, grants too extensive relief in a case such as stated.

Action in the district court for St. Louis county by the trustee in bankruptcy of George E. Blackwood to set aside a conveyance of real estate. The answer alleged that the conveyance was not made for the purpose of delaying or defrauding creditors, but for the purpose of giving to defendant that which already belonged to him. The facts are stated in the opinion. The case was tried before Fesler, J., and a jury. The jury answered: "John A. Blackwood" to the question: "Who was the owner of the east one-half of the northeast quarter" of the specified section "at the time of the delivery of the deed dated June 11, 1913?" The court made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*John H. Norton,* for appellant.
*Courtney & Courtney,* for respondent.

DIBELL, J.

Action by the plaintiff as trustee in bankruptcy of George E. Blackwood against John A. Blackwood to set aside a conveyance of real estate. There was judgment for the plaintiff and defendant appeals. There is no settled case. There is before us only the judgment roll.

1. On June 22, 1913, George E. Blackwood was adjudicated a bankrupt and the plaintiff was appointed his trustee. A few days before this he conveyed to the defendant John A. Blackwood, who is his brother,

the east half of a certain quarter section and the conveyance was recorded before the filing of the petition in bankruptcy. This quarter was acquired in the name of the bankrupt in 1902, but it was in fact owned by himself and his brother, who were engaged as partners in logging, as partnership property. Afterwards and long before the bankrupt went into the saloon and hotel business as hereinafter noted an agreement for a division of this quarter was made. The bankrupt was to take the west eighty and the defendant the east eighty. No deed was given. When the conveyance here in question was made the bankrupt had in contemplation going into bankruptcy and the purpose was to put the title to the eighty in the defendant to whom it really belonged.

For more than two years prior to his bankruptcy the bankrupt was engaged in the saloon and hotel business in Duluth and purchased merchandise on credit and at the time of his bankruptcy was indebted therefor in excess of $10,000. His assets were insufficient to pay any considerable portion of this indebtedness. The bankrupt represented to merchandise dealers that he was the owner of the east half of the quarter and obtained credit for a portion of the indebtedness upon such representations. The defendant knew that his brother was in business and was buying merchandise on credit; but he made no representations relative to the ownership of the quarter nor did he have knowledge that his brother did. From these facts, which are specifically found, the court concluded that the defendant was equitably estopped to assert title to his eighty free of the claims of the creditors who relied upon title in the bankrupt.

That an estoppel may arise in favor of creditors who extend credit upon the faith of an apparent and asserted ownership in their debtor against one who allows the record title of property in fact his to be in such debtor, knowing that he is obtaining credit though he does not know that he is asserting title, is generally held. Goldberg v. Parker, 87 Conn. 99, 87 Atl. 555, 46 L.R.A.(N.S.) 1097, Ann. Cas. 1914C, 1059; McCormick Harvesting Mach. Co. v. Perkins, 135 Iowa, 64, 110 N. W. 15; Mertens v. Schlemme, 68 N. J. Eq. 544, 59 Atl. 808; Pierce v. Hower, 142 Ind. 626, 42 N. E. 223; Sears v. Davis, 40 Ore. 236, 66 Pac. 913; Roberts v. Bodman-Pettit Lumber Co. 84 Ark. 227, 105 S. W. 258; Hopkins v. Joyce, 78 Wis. 443, 47 N. W. 722; Singer Mnfg. Co. v.

Stephens, 169 Mo. 1, 68 S. W. 903; Rieschick v. Klingelhoefer, 91 Mo. App. 430; Greer v. Mitchell, 42 W. Va. 494, 26 S. E. 302; Budd v. Atkinson, 30 N. J. Eq. 530. Chadbourn v. Williams, 45 Minn. 294, 47 N. W. 812, is in harmony. Underleak v. Scott, 117 Minn. 136, 134 N. W. 731, is not opposed. Some of the cases refer the creditor's right to reach the property to the ground of fraud, or in upholding the right say that it would be a fraud upon the creditors to permit the real owner to assert his title contrary to the representation which he has permitted. Back of the creditor's right to reach the property is the representation of title made by the debtor and the acquiescence of the true owner and the reliance of the creditor upon the apparent and asserted title; and these are elements of equitable estoppel. See 2 Pomeroy, Eq. Jur. § 803, et seq.; Goldberg v. Parker, 87 Conn. 99, 87 Atl. 555, 46 L.R.A.(N.S.) 1097, Ann. Cas. 1914C, 1059, and cases. The cases illustrating equitable estoppel grade readily into cases where apparent title is given and asserted through active fraud and where the creditor's remedy is easily referable to the head of fraud. The cases are not always easy of classification.

The legal theory which gives relief to a creditor on the ground of equitable estoppel arising from the misrepresentation which the debtor has made and the true owner permitted and from which the creditor has suffered differs little from that which holds that the act of the owner when he asserts his ownership against the creditor who is deceived by the apparent owner's assertion of title is fraudulent. The term fraudulent used in this connection characterizes an act inequitable and unconscientious in result rather than one actually dishonest or intentionally wrongful; and some of the cases having in mind the similarity in effect of a case of active fraud and the remedy applicable say that the act of the true owner, though not actually wrongful, is constructively fraudulent.

It may be noted that in most of the cases cited the doctrine is applied to situations where the property of the wife appears in the name of her husband and the husband's creditor relies upon his asserted ownership. This is but an incident. The marriage relation, because of the mutual confidence reposed, results in frequent occasions for the application of an estoppel, but the law is apart from the relationship. Indeed, it has

sometimes been questioned particularly in jurisdictions where the wife was under a common law disability to convey whether she could lose her land by equitable estoppel. See 2 Pomeroy, Eq. Jur. § 814.

Various applications of the doctrine of equitable estoppel to the holding out of one on the public records as the true owner are readily found. 16 Cyc. 774, 775; 10 R. C. L. 743, § 62; note 30 L.R.A.(N.S.) 1; note 22 L.R.A. 256; note 57 Am. St. 175; note Ann. Cas. 1914C, 1066; 19 Cent. Dig. Estoppel, §§ 189-191, 10 Dec. Dig. Husb. & W. § 129.

From the facts found the court properly enough concluded that the doctrine of equitable estoppel was applicable.

2. A creditor in position to invoke an estoppel against the defendant could, had bankruptcy not intervened, have gotten a judgment against the bankrupt and subjected the eighty of the defendant to its satisfaction. The question is made whether the trustee in bankruptcy representing creditors some of whom are in a position to invoke an estoppel, though not all, may reach the property.

There should be a remedy. If the trustee cannot maintain this action it is likely that the creditors would be permitted to proceed in the state court so far as to enter judgment in form against the bankrupt which they could use as a basis for reaching the defendant's eighty. By analogy Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. ed. 1061, where creditors as to whose claims the bankrupt had waived exemptions were permitted to proceed in the state court to reach the exempt property, suggests the propriety of some such procedure.

The bankrupt act as amended from time to time gives the trustee extensive authority as the representative of the creditors. Act of July 1, 1898, c. 541, §§ 47, 67, 70, 30 St. 544; 32 St. 797; 36 St. 838; 9 U. S. Comp. St. 1916, §§ 9631, 9651, 9654.

By section 70a the trustee is vested with the title of the bankrupt to all "property transferred by him in fraud of his creditors." By section 70e "the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred." By section 67e certain conveyances made with the intent to hinder, delay or defraud creditors are void and the property conveyed remains a part of the estate and passes to the trustee, and conveyances which are void as against the creditors

of the bankrupt by the laws of the state where the property is situated are void and the property passes to the trustee. By section 47a trustees "as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied." This section refers particularly to the powers and duties of the trustee.

A trustee may avoid a conveyance as fraudulent although it is not fraudulent as to all of the bankrupt's creditors. It is enough that he represents creditors who could avoid it. Cartwright v. West, 185 Ala. 41, 64 South. 293; Duncan v. Lum (Ala.) 77 South. 718; Treseder v. Burgor, 130 Wis. 201, 109 N. W. 957; In re Farmers' Co-Operative Co. 202 Fed. 1008. And in general the trustee may enforce in the bankruptcy court rights which exist in certain creditors only and which rest on an equitable estoppel. In re Bothe, 173 Fed. 597, 97 C. C. A. 547; In re Desnoyers Shoe Co. 210 Fed. 533; In re Jackson Brick & Tile Co. 189 Fed. 636.

We are cited to no authority directly in point. The case is not·one of actual fraud nor of a conveyance avoided by some provision of the bankrupt act. The eighty is not a part of the estate to be administered in the bankruptcy court. Title to it did not vest in the trustee by virtue of the bankrupt act as property transferred in fraud of creditors, but a judgment creditor in whose favor the estoppel worked having an unsatisfied execution could reach it. By section 47a the trustee is given the power and the remedy which a creditor with an unsatisfied execution has. The creditors entitled to an estoppel are much in the position of a special class of creditors who alone are defrauded by a fraudulent transfer, as for instance pre-existing ones, and such a transfer the trustee may assail though all the creditors could not do so. An assignee under our insolvency law, which is a state bankrupt law, may enforce a right founded on an estoppel running in favor of particular creditors. Clark v. B. B. Richards Lumber Co. 68 Minn. 282, 289, 71 N. W. 389, and cases cited. We hold that the trustee may maintain the action.

3. The creditors entitled to invoke the estoppel could if bankruptcy had not intervened have appropriated the property to the extent of their debts. They were not entitled to a decree adjudging title in them. The

trustee is not. The case is not a case of actual fraud where the trustee takes title to property fraudulently conveyed under some provision of the bankrupt act or without it and where the effect of the judgment in his favor is to cancel the transfer and leave him with the legal record title. The trustee is entitled to appropriate the land to no greater extent than to the discharge of the particular debts. Whether assets of the general estate are to be considered in determining the extent to which the land should be appropriated is not before us.

The measure of the relief is in the first instance necessarily for the court where the action is brought. When the land is appropriated to the extent permitted the question of the distribution of the avails of the litigation is for the court of administration, that is, the bankruptcy court. Globe Bank & Trust Co. v. Martin, 236 U. S. 288, 35 Sup. Ct. 377, 59 L. ed. 583; First Nat. Bank v. Staake, 202 U. S. 141, 26 Sup. Ct. 580, 50 L. ed. 967; Miller v. New Orleans A. & F. Co. 211 U. S. 496, 29 Sup. Ct. 176, 53 L. ed. 300; Atkins v. Globe Bank & Trust Co. (Ky.) 124 S. W. 879.

4. The conclusions of the trial court directed the entry of judgment adjudging the conveyance void as against the plaintiff and that as to him it be canceled and discharged of record. The judgment entered goes further and adjudges that the title is in the plaintiff in fee simple and that the defendant has no title or interest in it. This variance is not important for no motion was made to correct it. Too extensive relief was granted. The defendant owns the property. The legal title cannot be put in the plaintiff trustee in this action and the defendant adjudged to have no interest. Full relief is given when the property is appropriated to the extent of the debts which because of an equitable estoppel are entitled to look to it.

The findings do not show the amount of such debts. Whether there should be a new trial of some or of all the issues can be determined on the going down of the remittitur.

Judgment reversed.