WILLIAM M. BERGIN, TRUSTEE FOR GEORGE E. BLACK-WOOD IN BANKRUPTCY v. JOHN A. BLACKWOOD.[1]

April 23, 1920.

No. 21,675.

**Bankruptcy — real property subject to creditor's claim.**

1. The findings of fact sustain the judgment subjecting certain real property of the defendant to the payment of the amount of the claim of a creditor who extended credit to the bankrupt, of whom the plaintiff is trustee, in whose name the title stood, following Bergin v. Blackwood, 141 Minn. 325.

**Lien for taxes paid by trustee.**

2. There was no error in impressing the property with a lien for taxes paid by the plaintiff to protect it from loss. There was no settled case, and it does not appear that the question of taxes was not presented by amendment at the trial or that it was not litigated by consent.

After the former appeal reported in 141 Minn. 325, 170 N. W. 508, the case was tried before Fesler, J., who made findings, ordered judg-

[1]Reported in 177 N. W. 493.

ment in favor of plaintiff, and decreed a lien upon the real estate to satisfy the claim of plaintiff and a sale of the property to satisfy the lien. Motions for amended findings were granted. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*S. H. Eckman* and *W. E. Haily,* for appellant.

*Courtney & Courtney,* for respondent.

QUINN, J.

Action by the plaintiff as trustee in bankruptcy of George E. Blackwood against the defendant John A. Blackwood to set aside a conveyance from the former to the latter of certain real estate. There was judgment for the plaintiff, subjecting the real estate to a lien for the amount of the claim of a creditor and the defendant appeals.

1. The evidence is not returned and we have only the judgment roll before us.

The case was here before and is reported in 141 Minn. 325, 170 N. W. 508. There was a reversal upon the sole ground that there was error in adjudging the conveyance altogether void as against the trustee. It was held that the trustee could appropriate the property to no greater extent than the creditor might. Upon the going down of the case the court amended its findings and conclusions and subjected the land involved to a lien for the amount of the claim of a creditor who had extended credit to the bankrupt in reliance upon his ownership of it and adjudged a sale as upon execution.

The facts are stated in the former opinion. We held that the facts found justified the application of the doctrine of equitable estoppel against the defendant, the true owner, who allowed title to appear in his brother, the bankrupt, knowing that he was getting credit, and in favor of a creditor who extended credit relying upon ownership in the bankrupt.

The findings, as amended, do not require a different result in the application of the doctrine of estoppel. The court found that the bankrupt represented that he was the owner of a quarter section near Floodwood; that the creditor extended credit in part upon such representation; that the creditor did not have actual knowledge that the record

title was in the bankrupt nor of the description of the land; that the land to which the representation related was the land here involved, and that upon such representation the creditor relied. Otherwise the facts are not substantially different from those involved on the former appeal. The doctrine of equitable estoppel is as applicable as on the former appeal and a restatement of the facts or a rediscussion of the principles of law applicable is unnecessary.

2. Complaint is made that the plaintiff was allowed a lien for $71.96 for money paid to preserve the property from loss through tax sales. The objection is that no claim was made in the pleadings. There is no settled case. There may have been an amendment at the trial, or the question may have been litigated by consent. The judgment was not by default and error does not appear.

Judgment affirmed.