FREDERICK W. MERTENS, trading as F. W. MERTENS & SONS,

*v.*

HENRY H. SCHLEMME and JOHANNA SCHLEMME, his wife.

[Filed February 1st, 1905.]

1. Where defendant has not raised the objection that the complainant has an adequate remedy at law until after testimony on the merits has been taken, the court, in its discretion, will retain the cause.

2. Where a wife vests her property in her husband, and permits him to appear to be the owner thereof, and he contracts debts in the course of business while he is apparently such owner, she is estopped to deny, as against the husband's creditors, that the husband is actually the owner of the property.

3. Personal property bought by a wife with the proceeds of real property which, as to creditors, belonged to her husband, may be subjected to the lien to which the proceeds of the real property would have been subject.

---

Heard on bill, answers, replications and proofs in open court.

This is a bill filed by Frederick W. Mertens, trading, &c., against Henry H. Schlemme and Johanna Schlemme, his wife.

The bill sets up that about the month of October, 1903, Henry H. Schlemme became indebted to the complainant in the sum of $252, and that during the month of November, 1903, he promised to pay said indebtedness to the complainant out of the proceeds of the sale of certain real estate owned by Henry H. Schlemme; that at the time of the contracting of the indebtedness the said Henry H. Schlemme was seized in fee-simple of a certain tract of land which is described in the bill, and that on or about the 1st day of December, 1903, he sold the same to Frederick Simon for $30,500, receiving, after the payment of the mortgages, taxes and other liens upon the property, the sum of $4,117.71; that Schlemme still refusing to pay the debt, complainant commenced an action in the district court of Hoboken against the said Schlemme, and on the 5th of January, 1904, recovered judgment for the sum of $254.52 damages and $16.12 costs, and that for the purpose of obtaining satisfaction of the judgment complainant caused an execution to be issued, which was returned unsatisfied, and thereupon, on the 12th day of January, 1904, the complainant petitioned the said district court and obtained an order requiring Schlemme to appear before a master in chancery and make discovery; that at said examination Schlemme testified that he had given the balance of the proceeds received from the sale of the property to his wife, Johanna Schlemme, the other defendant, and that Johanna Schlemme had deposited the same in bank in her own name; that Schlemme carried on a liquor saloon in a part of the premises, and that the debt was contracted by Schlemme for merchandise used in the saloon business.

The bill charges that the moneys deposited in bank by Johanna Schlemme are held in trust by her for the benefit of her husband, and prays that the defendants may discover the estate and property belonging to Henry H. Schlemme, and what disposition has been made of the proceeds of the sale of the real estate, and in whose possession the proceeds of the said sale have been since the 1st day of December, 1903, where the pro-

ceeds were deposited, who has possessed and enjoyed the proceeds, and that the judgment of the complainant may be declared to be a lien on said moneys and proceeds of said sale, and that said gift of the proceeds of the said sale made by Henry H. to Johanna may be declared to have been with the intent to delay, hinder and defraud the creditors of Henry, and to be fraudulent and void as against complainant and all other creditors, and that the said gift of the proceeds of the sale of the real estate may be returned to the said Henry Schlemme, or that the said Johanna may be declared and decreed to be a trustee for the complainant and such other creditors, and that out of the proceeds of such sale the complainant and other creditors may be decreed to be paid their debts.

The answer of the defendant Henry admits the indebtedness to the complainant, but denies that he promised and agreed to pay the same out of the proceeds of the sale of the real estate; admits that the deed was in his name at the time the indebtedness was contracted; admits the sale for the gross amount stated in the bill, and says that the net proceeds were not $4,117.71, but were $3,000; admits the action in the Hoboken district court, and admits the supplemental proceedings taken thereunder; admits that the balance of the proceeds from the said sale of the real estate were paid by him to his wife for money due and owing to her under an agreement made by him with her at the time the property was conveyed to him by his wife; denies that she holds the money in trust for him, and insists that said moneys are her sole property.

The answer of the wife admits that the deed to the property stood in the name of the defendant Henry, and sets out that the lands descended to her from her father, and that she, being desirous in case of her death that her husband should have the lands, conveyed the same to him upon the express condition that should he ever sell said lands and premises in her lifetime he would pay to her the proceeds derived from such sale; and that, in pursuance of such agreement, on the 1st day of December, 1903, he paid to her the sum of $3,000, which sum she used partly in establishing a business, partly for maintenance and support of

her family, and other expenses, leaving a balance in her hands of from $100 to $150.

She denies that she holds the proceeds of the sale of the lands in trust, but insists that the same are her property.

*Mr. John J. Fallon,* for the complainant.

*Mr. William S. Stuhr,* for the defendants.

GARRISON, V. C.

The proofs follow the pleadings very closely.

They show that Mertens, a dealer in cigars, sold goods to Henry H. Schlemme, who was carrying on a saloon at the corner of Eighth and Washington streets, Hoboken; that in October of 1903 Schlemme owed Mertens some $252, and upon Mertens going to collect the bill Schlemme informed him that he did not then have the money, but would pay him out of the proceeds of the sale of his real estate.

The real estate, including the building in which the saloon was, was conveyed to Schlemme, through an intermediary, by his wife in 1897.

She testified that at that time they were living in New York, and were about to come to Hoboken to open up a saloon business in this building; that this building, together with other real estate, descended to her from her father, who died in 1869; that she consulted counsel to carry out an intention she had then formed, which was to place the property so that it would go to her husband in the event of her death, with the understanding that if he sold the property during her lifetime she should get the proceeds.

The deeds to carry out this conveyance were executed some two weeks before they moved to Hoboken, which they did in 1897, and since that time the husband has carried on the saloon business, as heretofore stated.

The property was sold to one Simon, and on the 1st of December the purchaser, after retaining money to satisfy all the liens, paid the balance, amounting to $3,517.79, to Henry H. Schlemme; $517.79 of this money was paid out in various ways

by the husband, and $3,000 of it Henry gave to his wife in cash, and she deposited it in three different banks in New York in sums of $1,000 each, and from time to time thereafter, between the 1st of December, 1903, and July of 1904, drew out these moneys and invested them in a business, which she is now carrying on at 304 Summit avenue, West Hoboken.

She testifies that the stock of goods at present on hand, all of which was purchased with these moneys, is worth about $3,000.

The complainant insists that under the facts in this case he is entitled to have a lien fastened upon the stock of goods, now possessed by the wife, in his favor for the amount of his debt; that the wife, having transferred the real estate to the husband by a deed in fee-simple, is now estopped to deny that the husband was the owner of the property as against creditors of the husband, whose debts were contracted while the husband held the title.

The defendants insist, *first,* that there is an adequate remedy at law, and therefore the complainant is not entitled to come into equity; *second,* that, even as against the husband's creditors, the wife has the right to prove that he was holding as her trustee, and that she is entitled to the proceeds of the real estate so held by him as her trustee as against his creditors; *third,* that by reason of the transaction between the husband and the wife at the time the real estate was conveyed to him he became her debtor, and she is entitled to retain the money he gave her because he has a right to prefer one creditor to another.

1. No objection to the jurisdiction of this court appears in any part of the defendants' pleadings, and the objection based upon the suggestion that there is an adequate remedy at law was not made until argument, after all the proofs were in at the final hearing.

"The objection that the complainant had an adequate remedy at law came too late to avail the defendants. The court, of its own motion, may dismiss a bill at any stage of the cause on the ground that the complainant has an adequate remedy at law. But where the defendant has not raised the objection until after testimony on the merits has been taken, the court, in its discretion, will retain the cause if the court is competent to grant the

relief prayed and has jurisdiction of the subject-matter. *Lehigh Zinc and Iron Co.* v. *Trotter, 43 N. J. Eq. (16 Stew.) 185* (at p. *204) (Court of Errors and Appeals, 1887).*" To the cases cited add *Coast Company* v. *Spring Lake, 56 N. J. Eq. (11 Dick.) 615 (Vice-Chancellor Reed, 1898).*

A court of equity has jurisdiction of the subject-matter of this suit because the complainant, at the time of the recovery of his judgment against the husband, could not obtain satisfaction of that judgment out of money which the husband had transferred previous to that time to his wife.

The real estate which, as respects the creditors of the husband, must be held to have belonged to the husband, was sold on December 1st, 1903, and $3,000 of the money received by the husband was on that day delivered to the wife.

The complainant's judgment was obtained on the 5th of January, 1904, and what he now seeks to do is to trace that money, or the property into which that money has been commuted, and fasten upon such money or such property a lien in his favor.

It is within the powers of a court of equity to effect this object.

2. The second contention of the defendants cannot prevail.

In the first place, the claim of a trust in favor of the wife is supported solely by the testimony of herself and her husband, and is meager and unsatisfactory.

Vice-Chancellor Van Fleet, in discussing the way that courts should view testimony relating to this subject, said: "Claims of this kind should always be regarded with a watchful suspicion, and when attempted to be asserted against creditors upon the evidence of the parties themselves, uncorroborated by other proof, they should be rejected at once, unless their statements are so full, clear and convincing as to make the fairness and justness of the claim manifest. Any other course will encourage fraud and multiply the hazards of most business ventures." *Besson* v. *Eveland, 26 N. J. Eq. (11 C. E. Gr.) 468* (at p. *472) (Court of Chancery, 1875).*

It is a great imposition upon credulity to ask us to believe that any competent counsel advised the wife in this case that she

was properly carrying out her intention to secure her property to her husband at her death by making to him an absolute deed, and that such counsel would permit her to make an absolute deed in the face of an understanding, which she says existed, that she was to receive the purchase-price if the property were sold during their joint lives.

Furthermore, it appears that this transfer was made from her to him in contemplation of his engaging in the very business in which this debt was contracted, and that some two weeks after the transfer to him he entered upon the premises and began doing business, and during the six years that he was in the business he retained the title to the property.

But even if the testimony by which the trust in favor of the wife is sought to be established were of the fullest and most satisfactory character, her contention could not prevail.

If a wife vests her property in her husband and permits him to appear to the world to be the owner thereof, and he contracts debts in the course of business while he is apparently such owner, she is estopped to deny, as against his creditors for such debts, that he was the owner. *Besson* v. *Eveland, supra;* *City National Bank* v. *Hamilton,* 34 *N. J. Eq.* (*7 Stew.*) 158. (at p. 162) (*Vice-Chancellor Van Fleet, 1881*); *Francis* v. *Lawrence,* 48 *N. J. Eq.* (*3 Dick.*) 508 (at p. 511) (*Vice-Chancellor Green, 1891*); *Wheeler & Wilson Manufacturing Co.* v. *Litwin,* 57 *N. J. Eq.* (*12 Dick.*) 660 (at p. 663), cases cited in dissenting opinion of Mr. Justice Van Syckel.

3. The third contention of the defendants lacks all evidence to support it.

I cannot see any aspect of the case in which the wife can be said to have been a creditor of the husband, whom he might prefer. There is no suggestion in their testimony that she sold the real estate to her husband, and thus became his creditor.

If she proved anything it was that he was her trustee, and held the title as such, and agreed, if he sold, to so hold and account for the proceeds of the sale.

This I hold she is estopped to set up as against the complainant, and I do not see how she can successfully contend that by such an arrangement she became a creditor of the husband,

entitled to be preferred by him out of his assets. There is no such suggestion in the answer, either of the husband or of herself.

The answers of each of the defendants squarely place them upon the proposition that the wife owned the money; that it was her money, and that the husband was her trustee; and do not suggest that it was his money which he paid to her in satisfaction of any debt due her.

Under all the circumstances of the case I therefore find that the complainant is entitled to a decree that the money which the husband realized from the sale of the real estate, and which he paid to his wife, was impressed with a trust in favor of the complainant for the amount of the complainant's claim against the husband.

Since it appears by the undisputed proofs that this money has been invested by the wife in certain personal property now in her possession at West Hoboken, in this state, it follows that the lien is transferred to such personal property, which will be decreed to be subject to it.

I will advise a decree in accordance with these views.