The complainant in this cause instituted a suit at law on June 2d 1922, against the defendant Joseph Lazarowicz, to *Page 158 
recover the sum of $1,500. On October 1st, 1925, judgment was entered for about that amount. Execution was issued and returned unsatisfied. While this suit was pending Lazarowicz sold a certain bake shop in Bloomfield, and the proceeds were eventually invested in a property on Lincoln street, Newark, but in the name of his wife, the co-defendant.
The complainant insists that the Lincoln street property in reality belongs to the husband, and that the wife is merely a trustee. The defendants allege that the property belongs to the wife absolutely, and is not subject to an execution for the debt of her husband, because the money that went into it was hers.
It appears that Joseph and his wife were married in 1912, she being then about nineteen years old. In 1916 an account was opened in the wife's name in the American National Bank with a deposit of $550. She testifies that she had this money at the time of her marriage and kept it hidden in a trunk until the time of the deposit. In 1919 a property on Jones street was purchased, the title being taken by the entirety in the name of husband and wife. The wife insists that all the consideration was earned by her, that it was her money and not in any sense her husband's. She says she worked at washing and in a theatre. Whatever he earned he gave to her and she used what was necessary for the family maintenance and deposited the balance in her own account. Joseph, the husband, started a bake shop in conjunction with the complainant, after the Jones street property was sold, and $2,700 was advanced by the husband as his share. Afterwards, on or about January 28th, 1923, this bake shop proposition was wound up and the husband gave to his wife $2,200. This was almost a year after the complainant's suit was started. This money she kept in her account until August, 1923, when the Lincoln street house was acquired in her name.
It seems to me that in view of the above facts the property is really that of the husband and not of the wife. The only allegations of ownership in the wife are made by the wife herself and her husband. We have at least one witness, a *Page 159 
lawyer, who says the husband admitted that the money was his and not his wife's.
In Belford v. Crane, 16 N.J. Eq. 265, the court says: "The fact that the legal title to the land was never in the husband cannot affect the substantial question at issue, though it may affect the mode of redress. If the property, vested in the wife, was purchased with the property of the husband, under circumstances which render the transaction fraudulent as against the husband's creditors, the wife will be treated as a trustee for the creditors, and the property sold for their benefit."
In Besson v. Eveland, 26 N.J. Eq. 472, the court says: "On the question of fact, whether the money used in the purchase of the land was or was not the property of the wife, I think the defense is without substance or merit. Claims of this kind should always be regarded with a watchful suspicion, and when attempted to be asserted against creditors upon the evidence of the parties themselves, uncorroborated by other proof, they should be rejected at once, unless their statements are so full, clear and convincing as to make the fairness and justice of the claim manifest. Any other cause will encourage fraud and multiply the hazards of most business ventures." See, also, David MayerBrewing Co. v. Sheridan, 91 N.J. Eq. 104. Also, Mertens v.Schlemme, 68 N.J. Eq. 549.
From a careful consideration of the facts in this case I am of the opinion that the property on Lincoln street was acquired with money properly belonging to the husband; was acquired in the wife's name to defraud his creditors, and that the wife should be held to be merely a trustee.
I will advise a decree accordingly. *Page 160